THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN TIERNEY, Plaintiff in Error.

*Opinion filed June 20, 1911.*

1. WORDS AND PHRASES—*word "impleaded" is not synonymous with the expression "et al."* The word "impleaded" is not synonymous with the expression *"et al.,"* but when used in formal pleadings or court records, following the name of a defendant who has appeared, means that there are other defendants but that only the defendant named is in court.

2. CRIMINAL LAW—*when the record shows that named defendant was arraigned.* An order entitled in the name of the People against a named defendant, "impleaded," following which is a recital that the defendant comes in person and by counsel and "he being now here duly arraigned," etc., sufficiently shows that the named defendant personally appeared and was arraigned, and not merely that some one of the several defendants was arraigned.

3. SAME—*entire record will be searched in determining sufficiency of verdict.* In determining the sufficiency of a verdict and a judgment of conviction based thereon, the entire record will be searched and all parts interpreted together, and a deficiency at one place may be cured by what appears in another.

4. SAME—*verdict should be liberally construed.* A verdict is not to be construed with the same strictness as an indictment but is to be liberally construed, and all reasonable intendments will be indulged in its support, and it will not be held insufficient unless, from necessity, there is doubt as to its meaning.

5. SAME—*indictment need only set out former conviction in apt words.* Under the Habitual Criminals act the indictment need only set out the former conviction in apt words, and where this is done by charging conviction for a certain robbery, and the evidence is not incorporated in the record, a court of review will presume that the trial court confined the evidence to the proper issues, and that the finding of the jury that the defendant had been "convicted of robbery and had served a term in the penitentiary," etc., refers to the robbery charged in the indictment.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding.

CHARLES E. ERBSTEIN, for plaintiff in error.

W. H. STEAD, Attorney General, JOHN E. W. WAY-
MAN, State's Attorney, and FRED H. HAND, (GEORGE
GUENTHER, of counsel,) for the People.

Mr. JUSTICE HAND delivered the opinion of the court:

The grand jury of Cook county, at the February term,
1909, returned into the criminal court of said county an
indictment containing four counts, charging John Tierney,
Joseph Brocki and John Rudinek with the crime of robbery.
A plea of not guilty was entered and a conviction upon a
trial before a jury was had, and the defendants were sen-
tenced to the penitentiary for an indeterminate period. John
Tierney has alone sued out a writ of error.

No bill of exceptions has been incorporated into the
record and but two reasons are urged in this court as
grounds of reversal: (1) That it does not appear from
the record that the plaintiff in error was arraigned; and
(2) that the verdict returned by the jury is not sufficient to
support the judgment.

The first count of the indictment charged that the plain-
tiff in error and Joseph Brocki and John Rudinek, on the
19th day of January, 1909, in the county of Cook, com-
mitted the crime of robbery by feloniously and violently
taking from the person of one Elizabeth Borzek certain
moneys of the value of $48. The second count charged
that the plaintiff in error was indicted on the first day of
November, 1897, for the crime of robbery in Cook county
by before that date feloniously and violently taking from
the person of one August Freund a certain watch and other
personal property; that at the time of the robbery plain-
tiff in error was armed with a revolver with intent to take
the life of August Freund if resisted, and that certain con-
federates, who were armed, were present to aid and abet
in the robbery, and that the plaintiff in error was convicted
of such offense and was sentenced to the penitentiary, upon

such conviction, for an indeterminate period. The count also charged the same robbery of Elizabeth Borzek charged in the first count of the indictment, and that at the time of such robbery the plaintiff in error and Joseph Brocki and John Rudinek were armed with revolvers, with the intent, if Elizabeth Borzek resisted, to maim or kill her. The third and fourth counts of the indictment charge former convictions against Joseph Brocki and John Rudinek and the robbery of Elizabeth Borzek, but as Joseph Brocki and John Rudinek are not before this court further reference need not be made to the third and fourth counts of the indictment.

On the ninth day of February, 1909, the following order was entered of record in said cause:

"The People of the State of Illinois *vs.* John Tierney, (Impleaded)—Indictment for robbery, etc.—90,343.—This day come the said People, by John E. W. Wayman, State's attorney, and the said defendant, as well in his own proper person as by his counsel, also comes; and he having been furnished with a copy of the indictment in this cause and lists of the names of the witnesses and jurors, and he being now here duly arraigned and forthwith demanded of and concerning the crime alleged against him in said indictment how he will acquit himself thereof, for a plea in that behalf he says that he is not guilty in manner and form as charged therein; and of this he puts himself upon the country and the said People do the like."

Afterwards, on the 6th day of March, 1909, the following order was entered of record in the cause:

"The People of the State of Illinois *vs.* John Tierney, Joseph Brocki, John Rudinek.—Indictment for robbery, etc.—90,343.—This day come the said People, by John E. W. Wayman, State's attorney, and the said defendants, as well in their own proper persons as by their counsel, also come; and also come the jurors of the jury aforesaid with a sealed verdict, and for their verdict say: 'We, the

jury, find the defendant John Tierney guilty of robbery in
manner and form as charged in the indictment; and we
further find, from the evidence, that at the time of commit-
ting said robbery he was armed with a certain dangerous
weapon, to-wit, a certain revolver, with the unlawful and
felonious intent then and there, if resisted, then and there
to kill and maim the person so robbed; and we further
find, from the evidence, that the defendant John Tierney,
at the time of committing the offense, had theretofore been
convicted of robbery and had served a term in the peniten-
tiary of this State for said offense.' ' ''

After his conviction the plaintiff in error entered his
separate motions for a new trial and in arrest of judgment,
both of which motions were overruled and the plaintiff in
error was sentenced to the penitentiary for an indetermi-
nate period.

It is first contended that the record does not show upon
its face that the plaintiff in error was arraigned, as it is
said the order entered on the ninth day of February does
not show the plaintiff in error was present in court on that
day, the contention being that the word "impleaded," ap-
pearing in the title of the case preceding the order of Feb-
ruary 9, is equivalent to the expression *"et al.,"* and that
as the record, as made up, shows that only one defendant
appeared and was arraigned on that day, it cannot be cer-
tainly determined which one of defendants was arraigned
on that day. The word "impleaded" is not synonymous
with the expression *"et al.,"* but when used in formal plead-
ings and in court records the word "impleaded" is properly
used following the name of a defendant when there is more
than one defendant and only one defendant appears, to des-
ignate that there are defendants other than the defendant
who is then present in court. In Abbott's Law Dictionary
the use of the word "impleaded" is thus explained: "Im-
pleaded: to sue or prosecute in course of law. In actions
where there are more defendants than one and one an-

swers, his name is sometimes stated thus in the title of his answer or plea: 'Richard Roe, impleaded with John Doe,' signifying that the two are sued together but one only interposed the plea." And in Anderson's Dictionary of Law the use of the word "implead" is thus explained: "Implead: to sue in due course of law, as, A impleaded with B," and it is then stated by the author, where a party is designated as impleaded with another "each defendant may then interpose his own answer."

From these expressions of the law lexicographers it is clear the record writer in this case used the term "impleaded," following the name of the plaintiff in error in the title of the case preceding the order of February 9, advisedly, and it was there stated in correct but abbreviated legal phraseology that the defendant, John Tierney, who was impleaded with other defendants, personally appeared and was severally arraigned. The contention, therefore, that the record does not show upon its face that the plaintiff in error was arraigned before he was put upon his trial cannot be sustained, as the record, when properly read, shows that the plaintiff in error appeared in open court and was formally arraigned and thereupon entered his plea of not guilty.

It is further contended that the verdict is insufficient to support the judgment of conviction, as it is said it does not show that the plaintiff in error had been previously convicted of the robbery averred in the first paragraph of the second count of the indictment, and from aught that appears in the verdict the jury may have found that the plaintiff in error had been convicted of some robbery other than that of August Freund, alleged to have been committed on the first day of November, 1897. We cannot accede to that view. The record, we think, when considered as a whole, clearly shows that the jury found the plaintiff in error to be guilty of having robbed Elizabeth Borzek in manner and form as charged in the indictment,—that is,

that he committed robbery in the aggravated form; and that previous to the commission of that offense by him he had been convicted of robbing August Freund, as charged against him in the first paragraph of the second count of the indictment,—that is, in the aggravated form. A verdict is not to be construed with the same strictness as an indictment, but it is to be liberally construed, and all reasonable intendments will be indulged in its support, and it will not be held insufficient unless, from necessity, there is doubt as to its meaning. (*People* v. *Lee,* 237 Ill. 272.) The rule is, that in determining the sufficiency of a verdict, and a judgment of conviction based thereon, the entire record will be searched and all parts of the record interpreted together, and a deficiency at one place may be cured by what appears at another. (*People* v. *Murphy,* 188 Ill. 144.) Under the Habitual Criminals act it was only necessary to set out in the indictment the former conviction of the plaintiff in error in apt words, which it is conceded was done in this case, and as the evidence heard upon the trial is not incorporated into the record, this court clearly is bound to presume, in consideration of the verdict of the jury finding the plaintiff in error guilty, and the judgment of conviction based thereon, that the trial court confined the evidence to the issues involved upon the trial, and that the finding of the jury that the plaintiff in error had been "convicted of robbery and had served a term in the penitentiary of this State for such offense," referred to the previous robbery charged in the first paragraph of the second count of the indictment, and not to some other robbery which was entirely foreign to the issues involved in the trial of the case then on hearing before the court and jury.

Finding no reversible error in this record the judgment of the criminal court of Cook county will be affirmed.

*Judgment affirmed.*