(No. 25677.—)
MICHAEL MARTINO, Petitioner, *vs.* JOSEPH A. RAGEN,
Respondent.

*Opinion filed October 11, 1940.*

MICHAEL MARTINO, *pro se,* petitioner.

JOHN E. CASSIDY, Attorney General, for respondent.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

This court granted Michael Martino's petition for a writ of *habeas corpus,* and allowed his motion to sue as a poor person. Respondent, Joseph E. Ragen, acting warden of the Illinois State Penitentiary, Joliet branch, made return to the writ of *habeas corpus,* and later filed a motion to quash the writ and to dismiss the petition. Thereafter, petitioner, *pro se,* filed what he called a motion to dismiss the motion of respondent. In reality it appears to be a brief and argument.

October 11, 1933, petitioner was convicted of murder in the criminal court of Cook county and sentenced to imprisonment in the penitentiary for a term of twenty-five years, where he has been incarcerated since that time. The only contention advanced by petitioner as ground for his release on a writ of *habeas corpus* is that he was not tried within four months after his commitment. The provision

of the Criminal Code relied on, in so far as pertinent here, is: "Any person committed for a criminal offense or supposed criminal offense, and not admitted to bail, and not tried by the court having jurisdiction of the offense, within four months of the date of commitment, shall be set at liberty by the court, unless the delay shall happen on the application of the prisoner" etc. Ill. Rev. Stat. 1939, chap. 38, par. 748.

Petitioner was committed to the Cook county jail on a charge of murder May 20, 1933. His trial began October 9, 1933, and he was found guilty by a jury October 11, 1933. Thus, it is true he was not tried within four months of his commitment, which period ended September 20, 1933. However, it appears from the records of the criminal court of Cook county, certified copies of which are attached to and made a part of respondent's return to the writ, that after Martino had entered a plea of not guilty on May 23, 1933, an order was entered continuing the cause to July 10, 1933; that July 3, 1933, the following order was entered: "On motion of counsel for said defendant, it is ordered that this cause be and the same is hereby continued until August 7, A. D. 1933." August 7, the court entered this order: "And by express consent and agreement between the State's attorney and the said defendant and his counsel now here given and made in open court, it is ordered that this cause be and the same is hereby continued until the September Term, A. D. 1933." Petitioner does not question the truth or accuracy of the records of these orders. It further appears that September 6, 1933, the cause was set for trial by the court for September 21, 1933. September 21, 1933, the record shows: "It is ordered by the court that this cause be and the same is hereby continued until October 9, A. D. 1933." Martino contends that on October 9, 1933, he asked for an immediate trial but this was denied him. This contention is frivolous, for the record shows the trial began October 9, the jury was selected and sworn, and "the

hour of recess having arrived, cause continued until tomorrow morning." The next day the evidence was introduced, and the following day the verdict of the jury was returned. It is not denied that the two continuances from July 10, 1933, to the September term, 1933, were the result of either petitioner's own motion or of his express consent and agreement. Thus, petitioner was responsible for his trial being delayed approximately two months. In view of this, he cannot be heard to complain because he was not tried until four and one-half months after his commitment.

For these reasons, the writ of *habeas corpus* is quashed and the petition dismissed.

*Writ quashed and petition dismissed.*