(No. 29468.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* EDWARD PEARL PERKINS, Plaintiff in Error.

*Opinion filed Nov. 20, 1946—Rehearing denied January 20, 1947.*

554

STONE and THOMPSON, JJ., specially concurring.

EDWARD PEARL PERKINS, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, JOSEPH A. POPE, MELVIN S. REMBE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE WILSON delivered the opinion of the court:

November 14, 1941, the defendant, Edward Pearl Perkins, was indicted in the criminal court of Cook county for the crime of robbery. The indictment further charged defendant's previous conviction on December 18, 1929, of the crime of larceny of property having a value of $46 and his sentence to imprisonment in the Illinois State Reformatory at Pontiac. A jury found him guilty of robbery in manner and form as charged in the indictment and that, under the name of Edward McKenny, he had been theretofore convicted of larceny. Motions for a new trial and in arrest of judgment were denied and, on January 30, 1942, Perkins was sentenced to the penitentiary for a term of twenty years. He prosecutes this writ of error *pro se,* making the single contention that he was erroneously sentenced to serve the full term for the crime of robbery under the Habitual Criminal Act, and thereby denied due process of law under the fourteenth amendment to the Federal constitution. No bill of exceptions has been filed, and the single assignment of error must be considered upon the common-law record.

Section 1 of the Habitual Criminal Act, as amended in 1941, (Ill. Rev. Stat. 1945, chap. 38, par. 602,) so far as relevant, ordains: "Whenever any person who has been convicted of burglary, grand larceny, horse stealing, larceny of a motor vehicle, larceny from the person, rape, robbery, forgery, arson, counterfeiting, kidnapping, confidence game or extortion by threats when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor." Defendant argues that the language of the statute, as amended and in effect when he was sentenced on January 30, 1942,

is explicit; that although he was convicted of a crime named in section 1 of the Habitual Criminal Act, namely, grand larceny, he was not sentenced to imprisonment in the penitentiary for perpetrating the crime but, instead, to imprisonment in the State Reformatory and, therefore, was erroneously sentenced under the Habitual Criminal Act. The punishment for grand larceny in 1929 when defendant was convicted of this crime was imprisonment in the penitentiary for an indeterminate term of from one to ten years. (Ill. Rev. Stat. 1929, chap. 38, par. 389.) By section 3 of the Sentence and Parole Act, (Ill. Rev. Stat. 1929, chap. 38, par. 803,) it was provided that every male person between the ages of sixteen and twenty-six years adjudged guilty of any offense enumerated in the section, except a capital offense, might, in the discretion of the court, be sentenced to the reformatory instead of the penitentiary. Defendant was sentenced to the reformatory. The prosecution directs attention to section 1 of an act in relation to the Illinois State Penitentiary, approved June 30, 1933, (Ill. Rev. Stat. 1945, chap. 108, par. 105,) which consolidated the Illinois State Reformatory at Pontiac, together with other institutions, into a single institution, to be known as the Illinois State Penitentiary. This statute, however, does not repeal the Parole Act as to prisoners sentenced to the Pontiac reformatory prior to 1933 nor does it effect any change in the status of such prisoners without them being transferred to the penitentiary as provided in section 11 of the Parole Act of 1917. (*People ex rel. Kerner* v. *McKinley,* 371 Ill. 190.) As pertinently observed, "The mere fact of calling the reformatory a part of the penitentiary system, neither makes it less a reformatory nor empowers the legislature to create a penitentiary out of a reformatory, so far as those incarcerated there before 1933 are concerned." (*People ex rel. Cassidy* v. *McKinley,* 372 Ill. 247.) Moreover, a recognized distinction obtains between commitment to the penitentiary and the reformatory. In *People* v.

*Queen,* 326 Ill. 492, this court said: "A sentence to the penitentiary renders the convict infamous while a sentence to the reformatory carries with it no such result." *People ex rel. Martin* v. *Mallary,* 195 Ill. 582, is to the same effect.

The prosecution maintains that actual imprisonment is not a condition precedent to the charging in an indictment of a prior conviction for, or to the imposition of, aggravated punishment under the Habitual Criminal Act. Without question, the crime of grand larceny charged against defendant in 1929, and to which he pleaded guilty was then, as now, a crime punishable by imprisonment in the penitentiary. The crime itself carried with it punishment in the penitentiary. Ameliorative provisions of the Sentence and Parole Act, at the same time, vested the trial court with authority to sentence a male defendant between the ages of sixteen and twenty-six to the reformatory instead of the penitentiary for grand larceny. It affirmatively appears that, conformably to this authority, defendant was sentenced to the Illinois State Reformatory, and not to the penitentiary.

The People place reliance upon cases (*People* v. *Andrae,* 295 Ill. 445; *People* v. *Tierney,* 250 Ill. 515,) holding that the fact that a defendant was admitted to probation after being convicted of a crime named in section 1 of the Habitual Criminal Act, and not sentenced to imprisonment, does not affect a subsequent conviction under the Habitual Criminal statute for the reason that the admission to probation did not in any manner affect the former conviction. *People* v. *Andrae* and *People* v. *Tierney,* were decided prior to the amendment of the Habitual Criminal Act in 1941, whereas defendant's conviction and sentence on January 30, 1942, were under the 1941 amendment. As the statute stands today, actual imprisonment in the penitentiary for the prior offense is a prerequisite to the imposition of aggravated punishment under the act upon conviction of a subsequent offense. Not only must the defendant be con-

victed of one of the named crimes, but his conviction must have resulted in punishment by imprisonment in the penitentiary. In short, it is not enough that there was a prior conviction for a crime punishable by imprisonment in the penitentiary, since the law now requires that there must have been a prior conviction followed by imprisonment in the penitentiary. The sentence, or imprisonment, is a condition precedent to an enlargement of the sentence for a present conviction under the Habitual Criminal Act.

When the General Assembly amended the statute in 1941, several offenses, namely, larceny of a motor vehicle, larceny from the person, rape, arson, kidnapping, confidence game and extortion by threats, were added which were not included in the act as originally enacted in 1883. Following the enumeration of offenses, the words "when the punishment was imprisonment in the penitentiary" were also added. Prior to the amendment of 1941, the list did not contain these or similar words and, consequently, it was immaterial whether an accused convicted of an enumerated crime was admitted to probation without serving any part of the sentence for the crime charged or whether he was sentenced to imprisonment in a reformatory, or other institution, or in the penitentiary. It sufficed, under the law as it previously obtained, that the offender had been previously convicted of one of the named crimes. Although crimes enumerated in section 1 of the Habitual Criminal Act were punishable by imprisonment in the penitentiary, under certain conditions the convicted defendant might be committed to another institution. The manifest purpose of the legislature in amending the statute was undoubtedly to prevent an individual from being punished for the full term for a subsequent offense if the punishment for his previous offense was not actual imprisonment in the penitentiary. The language of the statute, as amended, is remarkably free from ambiguity. Legislative intent is clear and must be effectuated. A statute authorizing a more

severe punishment to be inflicted upon one convicted of a second or subsequent offense is highly penal and should be strictly construed and not extended in its application to cases which do not, by the strictest construction, come under its provisions. *People* v. *Lund,* 382 Ill. 213.

The question remains whether the cause should be remanded for a new trial, or merely for the entry of a judgment in conformity with the penalty prescribed by statute for robbery. Evidence of defendant's conviction of the crime of larceny in 1929 was before the jury, as shown by the verdict returned. This former conviction may well have induced the verdict. Such evidence is not admissible in a criminal case unless the Habitual Criminal Act is applicable. In the present case, although a prior conviction was charged, the case does not come within the contemplation of the Habitual Criminal Act for reasons previously set forth. This being so, we are of the opinion that the common-law record shows that the defendant was convicted and sentenced as a habitual criminal without having been properly so charged.

The judgment is reversed and the cause remanded to the criminal court of Cook county, with directions to strike that portion of the indictment referring to the previous offense, to require a plea to the balance of the indictment, and for a new trial.

*Reversed and remanded, with directions.*

STONE and THOMPSON, JJ., specially concurring:

We concur in the conclusion reached as affects the accused in this case, but not in the construction of section 1 of the Habitual Criminal Act.