(No. 29677.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JAMES BERGER, Plaintiff in Error.

*Opinion filed January 22, 1947.*

JAMES BERGER, *pro se.*

GEORGE F. BARRETT, Attorney General, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, MELVIN S. REMBE, JOSEPH A. POPE, and W. S. MIROSLAWSKI, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MURPHY delivered the opinion of the court:

In 1938, plaintiff in error was convicted in the criminal court of Cook county of the crime of robbery. In addition to the counts charging robbery, a former conviction of grand larceny was pleaded. The specific charge was that at the June term, 1931, of said court, he had pleaded guilty to the larceny of $2500, property of the Yellow Cab Company, and that he had served a term in the penitentiary for such offense. On a trial by jury in the instant case, plaintiff in error was found guilty of robbery with a further special finding that prior to the commission of the robbery he had "under the name of Matthew Seiwert been convicted of larceny." The judgment followed the verdict and contained a finding that plaintiff in error had previously been convicted of larceny. He was committed to the penitentiary for twenty years.

Plaintiff in error contends the jury's finding that he had, prior to the commission of the crime of robbery, been convicted of larceny did not support a judgment commit-

ting him to the penitentiary for twenty years, for the reason that larceny is not one of the crimes specified in the Habitual Criminal Act on proof of which a determinate penalty may be imposed. If this contention is sustained, the penalty should have been imprisonment in the penitentiary for robbery for the indeterminate term of from one to twenty years.

The Habitual Criminal Act in force at the time of the trial (Ill. Rev. Stat. 1939, chap. 38; par. 602,) included grand larceny as one of the crimes, proof of which would authorize the imposition of the greater penalty. However, if the General Assembly intended by the use of the term "grand larceny" to carry into the statute the distinction made in the law between grand larceny and petit larceny, then proof of a prior conviction of petit larceny would not sustain the imposition of the determinate penalty.

As a basis for proof of a prior conviction, the indictment in this case charged grand larceny. Plaintiff in error's plea of not guilty raised an issue as to the former conviction and cast the burden of proving such fact on the People. Section 2 of the Habitual Criminal Act (Ill. Rev. Stat. 1939, chap. 38, par. 603,) provides that a duly authenticated copy of the record showing a former conviction, and judgment thereon, of one of the crimes specified in the act shall be *prima facie* evidence of such former conviction and may be used against the defendant. In the absence of a transcript of the proceedings, the court has no means of ascertaining what was the character of the offense proved as a former conviction.

In *People* v. *Sarosiek*, 375 Ill. 631, it was held that the term "grand larceny" as used in the Habitual Criminal Act was intended to be limited to those cases of larceny where the allegation and proof showed the value of the property stolen to have been in excess of $15. In *People* v. *Crane*, 356 Ill. 276, the distinction between the offense of larceny as defined in paragraph 387 and the theft of a motor vehicle

as defined in paragraph 388(a) of chapter 38 was considered and it was there held that the theft of a motor vehicle as defined in the statute was not included within the meaning of the term "grand larceny" as used in the Habitual Criminal Act. Also, see *People* v. *Parker,* 356 Ill. 301, and *People* v. *Smithka,* 356 Ill. 624.

It is contended on behalf of defendant in error that the finding of the jury that plaintiff in error "prior to the commission of said robbery had been convicted of larceny" necessarily refers to the grand larceny set forth in the indictment. Such contention cannot be sustained. As noted, plaintiff in error's plea of not guilty put in issue the fact of the former conviction and to support such charge the verdict must respond to the issue thus formed. (*People* v. *Lee,* 237 Ill. 272.) Defendant in error cites *People* v. *Tierney,* 250 Ill. 515. In that case, Tierney had been convicted of robbery while armed and a prior conviction of robbery was pleaded. The former conviction was alleged to have been committed on the first day of November, 1897, and the verdict returned found a previous conviction but made no reference to the date of its commission. It was contended that the jury might have found that plaintiff in error had been convicted of some robbery other than the one alleged to have been committed on November 1, 1897. The cause was submitted on the common-law record and in that case it was held that in considering the verdict the court was bound to presume that the trial court confined the evidence to the issues involved upon the trial and that the finding of the jury that the plaintiff in error had been convicted of robbery referred to the previous robbery charged in the indictment and not to some other robbery which was entirely foreign to the issues involved in the trial of the case. The *Tierney case* is distinguishable from the instant case in that, in the *Tierney case,* the fact of a previous conviction of a robbery had been found by the jury and the only omission from the verdict was the date

it was alleged to have been committed. In this case the record does not disclose that there was any proof of the prior conviction of grand larceny alleged in the indictment and the jury's finding that there had been a prior conviction of larceny cannot be aided by presuming that the proof was sufficient to show a prior conviction of grand larceny. Under the views expressed, the judgment committing plaintiff in error to the penitentiary for the determinate term of twenty years was erroneous and the cause must be remanded for a proper sentence.

The judgment of the criminal court is reversed and the cause remanded, with directions to enter a judgment committing the plaintiff in error to the Illinois State Penitentiary in accordance with the penalty fixed by statute for robbery.

*Reversed and remanded, with directions.*