(No. 30624.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN PITTS, Plaintiff in Error.

*Opinion filed September 24, 1948.*

JOHN PITTS, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE GUNN delivered the opinion of the court:

On July 26, 1935, in the criminal court of Cook County, the plaintiff in error was, by a jury, found guilty of the crime of burglary, and in its verdict the jury also found he had been previously convicted of the crime of burglary. He was sentenced to the penitentiary for life as an habitual criminal.

Plaintiff in error raises two points: First, that the judgment of the court will not sustain a conviction under the Habitual Criminal Act, because there is no finding that the plaintiff in error had theretofore been convicted of a crime enumerated in such act; and second, that the Habitual Criminal Act, under which the plaintiff in error was convicted, is unconstitutional because it denies the equal protection of the law guaranteed by the fourteenth amendment to the Federal constitution.

Taking up these points in inverse order, it has been recently held that the Habitual Criminal Act does not deny a defendant the equal protection of the law or due process of law. (*People* v. *Lawrence,* 390 Ill. 499; *People* v. *Poppe,* 394 Ill. 216.) It is unnecessary to elaborate further, as these cases specifically hold against the plaintiff in error on his second point.

Plaintiff in error contends that the judgment of the court cannot be sustained under the Habitual Criminal Act because he has not been convicted of a crime enumerated in the Habitual Criminal Act. The Habitual Criminal Act in 1935 expressly provided: "That whenever any person having been convicted of either of the crimes of burglary,

grand larceny," etc., he shall be punished as an habitual criminal. (Ill. Rev. Stat. 1937, chap. 38, par. 602.) The record in this case, there being no bill of exceptions, discloses that the second and other counts of the indictment specifically charged that plaintiff in error, under the name of John Pitts, had been previously indicted for the crime of burglary committed on October 21, 1929, and convicted of said crime, and sentenced to the State Reformatory at Pontiac. On trial by a jury a verdict was returned as follows: "We, the jury, find the defendant, John Pitts, guilty of the crime of burglary in manner and form as charged in the indictment. And we further find from the evidence that the defendant under the name of John Pitts has been heretofore convicted of Burglary." Upon this verdict the court entered judgment that the said defendant was guilty of the crime of burglary in manner and form as charged in the indictment, and also upon the habitual count in the indictment, and thereupon sentenced plaintiff in error to the penitentiary for life, as required by statute.

The point of plaintiff in error seems to be that all facts should be included in the judgment, but we have several times held that a judgment is sufficient if the whole record discloses no error. (*People* v. *Tierney,* 250 Ill. 515; *People* v. *Bailey,* 391 Ill. 149; *People* v. *Jensen,* 392 Ill. 72.) In the latter case we held that the law does not require a specific repetition in the different parts of the record, but that a verdict or judgment referring to the allegations of the indictment is sufficient, and that all parts of the record will be searched and interpreted together to determine the meaning of the judgment, and it will not be held insufficient unless, from necessity, a doubt of its meaning obtains.

No doubt can be entertained in this case that there was an indictment which charged a previous conviction of burglary; that evidence was heard; that a jury found defendant guilty, as charged in the indictment, and also made a specific finding he had been previously convicted

of the crime of burglary, and in entering sentence the court sentenced him upon the indictment and upon the habitual count in the indictment. The common-law record furnished by the plaintiff in error also contains a certified copy of the conviction of burglary in the Cook County circuit court in the year 1929.

Plaintiff in error relies upon the case of *People* v. *Langford*, 392 Ill. 584. . In that case we held that if a defendant was charged as an habitual criminal and pleaded guilty to the crime charged in the indictment, it was necessary that the State establish the commission of the prior crime before it was lawful to impose a greater penalty as an habitual criminal. This was so decided because a plea of guilty did not admit matters of aggravation. In the instant case the plaintiff in error was tried before a jury. The record discloses that evidence was offered of a prior conviction, because the jury made a special finding that he had been previously convicted. We cannot presume this was done without evidence, when the record discloses that a jury was called, and it, having heard the testimony of the witnesses, found the defendant guilty.

Some reference is made to the case of *People* v. *Perkins*, 395 Ill. 553. This case has no bearing upon the present situation. It involved the amendment of the Habitual Criminal Act of 1941. The act under which the defendant was found guilty only requires a previous conviction. (Ill. Rev. Stat. 1937, chap. 38, par. 602.) The statute construed in the *Perkins case* was one involving the construction of the 1941 amended Habitual Criminal Act, which requires that there be actual service in the penitentiary under the prior conviction. Obviously it does not apply to a case occurring years before the amendment. *People ex rel. Buchalter* v. *Ragen*, 397 Ill. 515.

We find no merit in the claims of the plaintiff in error, and the judgment of the criminal court of Cook County is accordingly affirmed.

*Judgment affirmed.*