(No. 31775.

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WILLIAM C. NIEMOTH, Plaintiff in Error.

*Opinion filed March 22, 1951—Rehearing denied May 21, 1951.*

FERLIC & GANNON, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, CLEMENT D. CODY, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE SIMPSON delivered the opinion of the court:

Plaintiff in error, William C. Niemoth, was indicted at the August term, 1945, of the criminal court of Cook County, for the crime of robbery while armed with a dangerous weapon. An habitual criminal count was included in the indictment. Judgment was entered on the verdict of a jury sentencing plaintiff in error to the penitentiary for life. Hence this writ of error to review the record of conviction.

Robert C. Rumbolt testified that he was the caretaker and watchman for the Rumbolt Safety Deposit Vault Company, owned by his brother, E. H. Rumbolt. His abode was on the second floor of the building occupied by the vault company. On the night of January 19, 1945, he was assaulted as he was walking along a public street near his home. The keys of the vault company were taken from him. He was taken to the offices of the company and compelled to open the vault. The safety-deposit boxes in the vault were looted of valuables, including approximately $93,000 in cash, of which sum $3500 belonged to Robert C. Rumbolt. He was unable to identify any of the men who committed the crime.

On January 24, 1945, plaintiff in error was arrested and charged with the burglary of the vault company building and with the robbery of the watchman. A number of

indictments were returned charging plaintiff in error, and four other persons, with the commission of these crimes. A trial under a burglary indictment, which had been returned at the March term, 1945, resulted in a verdict of not guilty as to plaintiff in error, and one other defendant. That trial was commenced on July 16, 1945. At the August term, 1945, the present indictment was returned charging plaintiff in error, and all the other persons who had been defendants in the burglary indictment, with the offense of robbery while armed with a dangerous weapon.

Plaintiff in error was given a separate trial beginning on November 5, 1945. At the trial two of the defendants, Thomas Leahy and Michael Kozar, gave a detailed account of the crime, and the circumstances leading to its commission. They identified plaintiff in error as an active participant in the robbery of the watchman and subsequent looting of the safety-deposit boxes. Hodgedal Delgarian, a brother-in-law of Kozar, identified plaintiff in error as one of the men whom he found present in the basement of his home on the night the crime was committed. Kozar and Leahy testified that they had gone to the basement of Delgarian's apartment for the purpose of dividing the proceeds of the crime which they had perpetrated earlier that night. Plaintiff in error claimed that he was confined to his home by illness at the time the crime was committed. The only evidence supporting his alibi was the testimony of his wife.

Errors urged by plaintiff in error for reversal of the judgment of his conviction are that his previous acquittal under the burglary indictment is a bar to his conviction for robbing the watchman of the same property involved in the burglary; that the competent evidence was insufficient to warrant a conviction; that he was held in jail more than four months without being given a trial as required by law; and that the State's Attorney was guilty of conduct prejudicial to his right to a fair trial.

Plaintiff in error's plea of former jeopardy is without merit and was properly overruled by the trial court. The elements necessary to be proved under a burglary indictment are not identical with those required to sustain a charge of robbery. The gravamen of the crime of burglary is the felonious intent with which the building of another is unlawfully entered. (*People* v. *Berkowski,* 385 Ill. 392.) The gist of the offense of robbery is the force or intimidation used in taking from the person of another, against his will, property belonging to him, or in his care, custody or control, and the actual ownership of the property taken is immaterial. (*People* v. *Leach,* 398 Ill. 515.) While both of these crimes may arise out of facts occurring in one transaction, the offenses are not the same because there is a distinct element in one which is not included in the other. When we reviewed the appeal of Patrick Flaherty, one of the other persons named in the indictment in the instant case, we specifically held that a conviction or acquittal of burglary does not exempt the accused from prosecution and punishment for robbery. The same rule is controlling in the present case. *People* v. *Flaherty,* 396 Ill. 304.

The court did not err in refusing to discharge plaintiff in error under section 18 of division XIII of the Criminal Code, which requires that a person committed for a criminal offense and not admitted to bail and not tried within four months of his commitment to jail shall be set at liberty unless the delay shall happen on the application of the prisoner. (Ill. Rev. Stat. 1949, chap. 38, par. 748.) An examination of the trial court record reveals that separate indictments for burglary and robbery were returned against plaintiff in error at the February term, 1945; other indictments for the same crimes were returned at the March term, 1945. These cases were continued from time to time either on motion of the State's Attorney, on motion of plaintiff in error, or by agreement of the parties. The last continuance by agreement was on July 9, 1945, when the

cause was continued until July 16, 1945. On the latter date the trial on the burglary charge commenced. Where plaintiff in error agreed to the continuance of his case, he was not entitled to be discharged because he was not tried within four months from the date he was committed to jail. (*People* v. *Meisenhelter,* 381 Ill. 378; *Martino* v. *Ragen,* 374 Ill. 342.) The operation of the statute having been suspended by his act in consenting to a continuance, the four months within which he was entitled to a trial did not commence until the expiration of the date to which the cause had been continued. (*People* v. *Stillman,* 391 Ill. 227.) The commencement of his trial on November 5, 1945, was within four months of July 16, 1945, the date of the last continuance.

Plaintiff in error makes a number of claims that the evidence was insufficient to convict him of the crime charged. Among such contentions was one that the evidence failed to prove that he was actually imprisoned as a result of his former conviction for the offense of robbery in the State of Maryland. In making such assertion plaintiff in error forgets that he stated in his own testimony that he was convicted of robbery in Baltimore and was an inmate of the Maryland Penitentiary until November 8, 1938. The abstract of record, prepared by counsel for plaintiff in error, contains a reference to People's exhibit 30, which was a record of proceedings in the case against Niemoth in the State of Maryland. The identity of plaintiff in error, as the defendant in that case, was stipulated at the trial. This exhibit, as abstracted, shows that William Niemoth was convicted of the crime of robbery and sentenced to imprisonment in the Maryland penitentiary. On behalf of the People it is pointed out that exhibit 30, as it appears in the record itself, shows the actual delivery of plaintiff in error to the warden of the Maryland penitentiary.

The sentence of the court to imprisonment in the penitentiary is sufficient proof of incarceration therein, without

producing actual proof of his being bodily so imprisoned. If plaintiff in error was not actually incarcerated under the former conviction, the burden would have been upon him to establish such fact. It appears from his testimony, and from the record, that he could not have sustained such burden. (*People* v. *Del Veawgo,* 399 Ill. 243.) The contention that the verdict should have contained a special finding that plaintiff in error had been actually imprisoned under the former conviction is likewise untenable. It was not necessary to allege the actual imprisonment in the indictment, and the verdict of the jury was responsive to the indictment. *People* v. *Pitts;* 401 Ill. 154.

In support of the contention that the competent evidence was insufficient to warrant a conviction, it is urged that it was error to base the verdict upon the uncorroborated testimony of accomplices; that error was committed in permitting evidence of conversations between codefendants made outside the presence of plaintiff in error; that the evidence concerning the use of a dangerous weapon was insufficient; and that it was improper to admit evidence of statements made by one of the codefendants in the presence of plaintiff in error.

We have carefully examined all the evidence and do not agree with the conclusions reached by plaintiff in error. The rule is that testimony of an accomplice, though competent, is to be received with suspicion and acted upon with caution. However, a conviction may be based on such testimony, uncorroborated, if it is of such a character as to convince the jury beyond a reasonable doubt of the guilt of the accused. (*People* v. *Rudnicki,* 394 Ill. 351; *People* v. *Johnston,* 382 Ill. 233.) No error was committed in admitting the testimony of the accomplice Kozar, relating to certain conversations with other defendants concerning the procurement of the implements and keys necessary to enter the safety-deposit boxes in the vault. (*People* v. *Meisenhelter,* 381 Ill. 378.) It is claimed that these con-

versations were incompetent because they were made out of the presence of plaintiff in error. This testimony made no reference to plaintiff in error and no issue was raised concerning the implements and keys referred to and which were used in the commission of the crime. It does not appear how plaintiff in error would be prejudiced or adversely affected by this testimony, but it was admissible even though adverse to him.

Both Kozar and Leahy testified to plaintiff in error's participation in the crime. Other facts and circumstances in evidence also tend to establish the guilt of plaintiff in error. Evidence is admissible to prove a conspiracy to commit the crime with which a defendant is charged although no conspiracy is laid in the indictment; and where a conspiracy is established, every act or declaration of any of the conspirators in furtherance of the common purpose is regarded as an act or declaration of each of them and may be proved against all. (*People* v. *Pavluk,* 386 Ill. 492; *People* v. *Meisenhelter,* 381 Ill. 378.) Contrary to plaintiff in error's contention, there was evidence from which the jury could determine that a gun had been used in the robbery. This was a question of fact for the jury, and we find in this case, as in the case of *People* v. *Flaherty,* 396 Ill. 304, that the finding of the jury was justified by the evidence.

It was not error to admit in evidence the statements of certain police officers who testified that one of the codefendants, Llewellyn Morgan, stated, in the presence of plaintiff in error, that plaintiff in error came out of the building during the progress of the crime and told Morgan to leave that vicinity. The officers testified that plaintiff in error remained silent in the face of such accusation. Where a crime has been committed, the admissions of a party charged with the crime, deliberately made, are always admissible for the purpose of showing the guilt of the

accused. Plaintiff in error's silence in the light of Morgan's statement, in his presence, was a circumstance which was competent to be considered by the jury in connection with proof of other facts in evidence, in establishing his guilt. The weight of the evidence and the credibility of witnesses were questions for the jury to determine, and this court must refrain from substituting its judgment for that of the jury. *People* v. *Switalski,* 394 Ill. 530; *People* v. *Canino,* 376 Ill. 640.

It is claimed the court erred in permitting certain cross-examination of plaintiff in error over his objection. He was asked, in substance, on cross-examination, if he had entered a plea of not guilty but was found guilty by a jury in the Maryland case. He was further asked if he knew about the law prohibiting an ex-convict from operating a tavern. He had testified in chief about a conversation with reference to purchasing a tavern. He was also asked if he had not testified falsely in the former robbery proceeding. While the cross-examination on this latter point was not proper, there is no denial of a former conviction of robbery and we cannot see how the admission of that testimony, in view of all the evidence in the case, would justify a reversal.

The remaining two assignments of error are that the indictment is duplicitous and that the State's Attorney made improper arguments to the jury. Plaintiff in error argues that his motion in arrest of judgment should have been allowed because the indictment, in a single count, laid the ownership of the property involved in the robbery in more than one person. The question presented here was not specified as a ground in the written motion filed in the trial court. An assignment of error, not shown by the record to have been presented to the trial court for a ruling, cannot be considered by this court. (*People* v. *Jankowski,* 391 Ill. 298.) Likewise, the State's Attorney's argument to the

jury was not preserved in the abstract, and we are precluded from considering any assignment of error concerning the prejudicial nature of such argument. *People* v. *Tanthorey,* 404 Ill. 520; *People* v. *Reno,* 324 Ill. 484.

We have considered all the errors assigned but find no reversible error in the case. The conviction of the defendant is amply supported by the evidence, and the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*