(No. 33071.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN L. MEIER, Plaintiff in Error.

*Opinion filed May 24, 1954.*

JOHN L. MEIER, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and JOHN GUTKNECHT, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, and ARTHUR F. MANNING, all of Chicago, of counsel,) for the People.

Mr. JUSTICE MAXWELL delivered the opinion of the court:

· Plaintiff in error, John L. Meier, was found guilty by a jury in the criminal court of Cook County of the crime of burglary and was sentenced under the Habitual Criminal Act to life imprisonment. He comes here by writ of error on the common-law record alone, without a bill of exceptions.

The sufficiency of the verdict to sustain a sentence under the Habitual Criminal Act (Ill. Rev. Stat. 1953, chap. 38, par. 602,) is the only point raised. Plaintiff in error admits that the indictment upon which he was tried

and convicted contained a valid allegation of a prior conviction of a felony and a sentence to the penitentiary. On this indictment the jury returned a verdict as follows: "We, the jury find the defendant John L. Meier, Guilty of the crime of burglary in manner and form as charged in the indictment, and we further find from the evidence that the defendant under the name of John L. Meier has been heretofore convicted of the crime of robbery, and we further find from the evidence that the said defendant John L. Meier is now about the age of 29 years."

Plaintiff in error contends that his plea of "Not Guilty" put in issue the fact of his former conviction followed by incarceration in the penitentiary as required by the Habitual Criminal Act in force at the time of his conviction, (*People v. Perkins,* 395 Ill. 553,) and the failure of this verdict to find that he had been sentenced and incarcerated on the previous conviction makes it insufficient to support a sentence under that statute.

Since the amendment of the Habitual Criminal Act in 1941, actual imprisonment in the penitentiary for the prior offense is a prerequisite to the imposition of aggravated punishment under the act upon conviction of a subsequent offense. (*People v. Perkins,* 395 Ill. 553.) Where the record affirmatively showed a sentence to the Illinois State Reformatory at Pontiac on the prior conviction, sentence for the aggravated punishment was not authorized since incarceration in the reformatory did not render the convict infamous. (*People v. Perkins,* 395 Ill. 553.) But where the record shows a previous conviction and sentence to the penitentiary it will be presumed that the officers charged with enforcement of the sentence performed their duties and proof of actual incarceration is unnecessary. If, in fact, the accused was not actually incarcerated the burden is upon him to establish such fact. (*People v. Del Veawgo,* 399 Ill. 243.) In *People v. Bindrin,* 404 Ill. 532, the defendant moved to quash the indictment because it failed

to allege actual incarceration following a previous conviction, and we there held it was not error to overrule such motion as this was not a necessary allegation in the indictment, since it would be presumed the sentence was imposed and the burden of showing otherwise was on the defendant.

In *People* v. *Pitts,* 401 Ill. 154, the verdict was identical with the verdict here. The defendant there contended, as here, that the verdict was insufficient in that all the facts should be included in the judgment. In affirming the sentence there imposed under the Habitual Criminal Act we stated that a judgment is sufficient if the whole record discloses no error, and that where the indictment charged the previous conviction, the record showed that evidence was heard, the jury returned a verdict of guilty with a specific finding of the previous conviction and the court entered a sentence upon the indictment and upon the habitual count in the indictment, such a record disclosed no reversible error. That record cannot be distinguished from the record now before us. The fact that in the *Pitts case* the common-law record included a certified copy of the record of the previous conviction makes no material distinction since the jury here found by its verdict that plaintiff in error had been previously convicted of a felony and that finding is not attacked.

It is clear from these rulings that where the indictment alleges a previous conviction and sentence thereon, actual incarceration is not an issue before the jury and a verdict is not insufficient for failing to find that the accused was sentenced to and was actually incarcerated in the penitentiary. The record before us shows the plaintiff in error was previously convicted of the crime of robbery. It is presumed that sentence was imposed in the absence of proof to the contrary and it was not necessary for the verdict to find actual incarceration.

Plaintiff in error relies principally upon *People* v. *Berger,* 396 Ill. 97, and *People* v. *Perkins,* 395 Ill. 553. Neither

of these cases is analogous to the issue here. In the *Berger case,* the verdict found the defendant had been previously convicted of 'larceny' and not of grand larceny. Such a verdict is not a finding of conviction of a felony and no presumption of incarceration in the penitentiary could be indulged. In the *Perkins case* the record affirmatively showed a sentence to and incarceration in the reformatory and not the penitentiary. Incarceration in the reformatory did not satisfy the statute since the legislature clearly intended the aggravated punishment to be imposed only where the accused had been rendered infamous by his previous conviction and sentence. *People* v. *Queen,* 326 Ill. 492.

There being no merit in plaintiff in error's contention that the verdict of the jury was insufficient, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*