(No. 34071.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* FRANK A. HERZIC, Plaintiff in Error.

*Opinion filed November 26, 1956.*

Frank A. Herzic, *pro se.*

Latham Castle, Attorney General, of Springfield, and John Gutknecht, State's Attorney, of Chicago, (Irwin

D. Bloch, John T. Gallagher, Rudolph L. Janega, and William L. Carlin, of counsel,) for the People.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

After trial by jury in the criminal court of Cook County Frank A. Herzic was convicted of the crime of burglary. He was sentenced to the penitentiary for life, under the Habitual Criminal Act. (Ill. Rev. Stat. 1947, chap. 38, par. 602.) He prosecutes this writ of error *pro se,* contending that the court erred in sentencing him as an habitual criminal. Only the common-law record is presented.

Section 1 of the Habitual Criminal Act, insofar as it is relevant, provides that "Whenever any person who has been convicted of burglary, grand larceny, * * * when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor." The indictment charged that on January 21, 1949, defendant broke and entered the "Office of Internal Revenue" with intent to steal money and property of the United States situated therein. It was further alleged that on March 27, 1944, defendant had been convicted, in the United States District Court for the Northern District of Indiana, of larceny of money belonging to the United States, in the amount of $2793.97; that he had been sentenced thereon to imprisonment for a period of three years; and that he was thereafter imprisoned in the United States Penitentiary at Leavenworth, Kansas, pursuant to such judgment and sentence. By their verdict the jury in the case at bar found that defendant had been so convicted.

The present argument is that the record does not speak the truth; that the Federal offense for which he had been previously convicted was designated not as "larceny"

but as "Theft of Government Property," an offense not mentioned as such in the Habitual Criminal Act. In support of the argument defendant presents to this court a certified copy of the docket entry and judgment order of the Federal district court which so labels the crime. The certified copy of the former proceedings is not, of course, a part of the common-law record in this case, and cannot be considered. (*People* v. *Owens*, 397 Ill. 166.) In any event, however, it is the nature of the former offense, and not the particular designation given to it in a foreign jurisdiction, that determines the applicability of the Habitual Criminal Act. The indictment here alleged that defendant had been "adjudged guilty of and convicted of larceny, to-wit: stealing said money and personal property of the value exceeding fifteen dollars, (to-wit: of the value of two thousand seven hundred ninety three dollars ninety seven cents lawful money of the United States of America,) belonging to said United States of America * * *." The term "grand larceny," as it is used in the Habitual Criminal Act, embraces those cases of larceny where, in the previous conviction, there was allegation and proof of the value of the property stolen showing it to have been in excess of $15 and a conviction for such offense. (See *People* v. *Sarosiek*, 375 Ill. 631, 633.) In the case at bar the indictment adequately alleged a former conviction for grand larceny. Defendant's plea of not guilty raised an issue as to the former conviction, requiring the State to sustain the burden of proving it. The judgment finds that defendant had formerly been convicted of the crime as charged in the indictment. It is well established that the record imports verity and cannot be contradicted except by other matter of record. In the absence of a bill of exceptions we have no means of ascertaining the character of the offense in fact proved as a former conviction. See *People* v. *Berger*, 396 Ill. 97, 99.

It is further contended that it was error to permit both

counts of the indictment in the Federal case to be alleged in the indictment in the present case; that the first count of the Federal indictment, charging a breaking and entering with intent to commit larceny, had been dismissed by the government, and defendant had pleaded guilty only to the second count thereof charging theft of government property, as shown by the certified copy which defendant seeks to have this court consider; and that the recitation of such dismissed count in the present indictment was prejudicial to defendant. There is no merit in the position. The former indictment in its entirety forms a part of the record in the former conviction, the use of which is expressly permitted by the statute. Ill. Rev. Stat. 1947, chap. 38, par. 603.

Defendant next contends he was not sentenced to incarceration in the penitentiary on the former conviction. To support this contention he again points to his certified copy of the Federal judgment, which recites that defendant, having been found guilty, "is hereby committed to the custody of the Attorney General or his authorized representative for imprisonment for the period of three years, together with Fine of $200.00 and Costs." It is true, as urged by defendant, that actual imprisonment in the penitentiary for the prior offense is a prerequisite to the imposition of aggravated punishment upon conviction of a subsequent offense. But such imprisonment was fully alleged in the present indictment, and by its verdict the jury found that defendant was previously convicted as alleged in the indictment. The verdict is not insufficient for failing to expressly find that defendant was sentenced to and was actually incarcerated in the penitentiary. It is presumed that sentence was imposed in the absence of proof to the contrary, and it was unnecessary for the verdict to find actual incarceration. (*People* v. *Meier,* 3 Ill.2d 29.) If, in fact, the defendant was not imprisoned for the offense the burden was upon him to establish such fact. Since

there is nothing properly before this court but the common-law record, it must be taken as speaking the truth. Even if the certified copy of the proceedings in the Federal court showed that the conviction did not result in imprisonment in the penitentiary, it could not prevail over matter properly appearing in the record. *People* v. *Owens,* 397 Ill. 166.

Defendant insists finally that the indictment fails to allege that the building, which defendant was charged with breaking and entering, was owned by the United States or by a citizen of Illinois; and that the present prosecution affects the property of the United States and is therefore beyond the jurisdiction of Illinois courts. We have considered the arguments made by defendant, and find they are not of sufficient merit to warrant discussion. We conclude that defendant was sentenced in conformity with the Habitual Criminal Act, and that no error has been shown in the record.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*