(No. 35130.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* AVERY McGUIRE, JR., Plaintiff in Error.

*Opinion filed January 22, 1960.*

RICHARD J. WATSON, of Champaign, for plaintiff in error.

GRENVILLE BEARDSLEY, Attorney General, of Springfield, and H. J. McCOWN, State's Attorney, of Tuscola, (FRED G. LEACH, Assistant Attorney General, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Avery McGuire, Jr., brings this writ of error to review a judgment of the circuit court of Douglas County sentencing him to imprisonment in the penitentiary for a term of three to twenty years. The judgment was entered upon a jury verdict finding him guilty of burglary.

The record shows that McGuire and two companions, Clyde Connour and Rollie Meek, had been drinking for the "biggest part" of three weeks prior to August 10, 1957. They started drinking early on the morning of that day. Sometime during the afternoon, they left Connour's house and took a taxicab to a wooded hill close to the Reed tavern. There they continued drinking. Connour testified, "From the time we got out on the hill, the three of us would drink and pass out and go to sleep, and then wake up and drink some more and pass out." After midnight, when Connour and Meek went to the tavern for more liquor, it was closed. Connour broke the glass in the door, entered the building, passed out bottles to Meek, and then they rejoined McGuire on the hill. Later McGuire accompanied Connour on another trip to the tavern. This time they took both liquor and cigarettes.

When they testified to these events at McGuire's trial, Connour had been convicted of the crime and was awaiting sentence, and Meek had pleaded guilty and his application for probation was pending. McGuire argues that the testimony of these two accomplices, who were admitted alcoholics awaiting sentence, is insufficient to sustain his conviction.

We do not agree. This court has frequently considered

the effect of uncorroborated accomplice testimony, most recently in *People* v. *Neukom,* 16 Ill.2d 340, at 346, and we have reiterated the principle that although such testimony is "to be received with suspicion and acted upon with caution" (*People* v. *Niemoth,* 409 Ill. 111, 117,) it is a sufficient basis for conviction if the jury finds it convincing. Here the testimony of the accomplices was corroborated by that of the cab driver, which placed the three men together at the scene of the crime. Meek and Connour may have expected leniency in return for their testimony, though they both denied it. But it is primarily for that reason that juries are instructed, as this one was, to regard accomplice testimony with caution.

McGuire argues also that the accomplice testimony in this case was subject to more than usual suspicion because Connour and Meek were admittedly intoxicated at the time of the crime. The intoxication of a witness at the time of an event about which he testifies may always be proved, because it affects the weight to be given to his testimony. (*Miller* v. *People,* 216 Ill. 309, 316-317; Wigmore on Evidence, 3rd ed., sec. 933.) But in the absence of unusual circumstances, and none have been shown here, the decision of the jury on the weight to be given to the evidence will not be interfered with.

Finally, it is contended that the evidence shows that McGuire was too intoxicated to be capable of forming the intent requisite for the crime of burglary. In those cases in which such a defense is proper, it is for the jury to determine whether it has been established. (*People* v. *Freedman,* 4 Ill.2d 414, 421.) Although it is clear that the defendant was intoxicated at the time of the crime, the testimony was not such as to require a finding that he was so intoxicated he did not know what he was doing.

The judgment is affirmed.

*Judgment affirmed.*