(No. 29489.—■■■■■)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* ED WILLIAMS, Plaintiff in Error.

*Opinion filed May 21, 1946—Rehearing denied September 16, 1946.*

ED WILLIAMS, *pro se.*

GEORGE F. BARRETT, Attorney General, and LOUIS P. ZERWECK, State's Attorney, of Belleville, for the People.

Mr. JUSTICE SMITH delivered the opinion of the court:

This is a writ of error to review a judgment of the circuit court of St. Clair county. On April 21, 1931, the grand jury of St. Clair county returned an indictment

against plaintiff in error, charging him with the crime of murder. One of his joint defendants obtained a severance. His case was tried before a jury. The jury found him guilty and fixed his punishment at death. Plaintiff in error entered a plea of guilty and was sentenced to ninety-nine years in the penitentiary. He seeks a reversal of the judgment on the alleged ground that the record fails to show that the court, before accepting his plea, explained to him the consequences of such plea. He also contends that the record fails to show that the grand jury was properly summoned or sworn.

Plaintiff in error appears *pro se*. He filed in this court a typewritten document designated as "Statement, Brief and Abstract, and Argument." Upon suggesting a diminution of the record, defendant in error obtained leave to supply a complete record. It is shown by the affidavit of the clerk of the circuit court, presented with the motion suggesting a diminution of the record, that in the document filed by plaintiff in error certain parts of the record were omitted and other parts had obviously been tampered with. According to the affidavit of the clerk, plaintiff in error obtained certain designated parts of the record at various times. It is obvious from the record that he attached some of these different parts of the record as one single document which he filed herein as the "Statement, Brief and Abstract, and Argument."

The additional record filed by defendant in error eliminates every question sought to be raised by plaintiff in error touching the validity of the judgment.

In all cases where the plaintiff in error appears *pro se,* this court has extended great leniency. Such parties, however, should be admonished that cases are reviewed upon the record as made in the trial court. The omission or alteration of parts of the record so made and misstatements as to what the record contains cannot avail a plaintiff in error in this court.

In this case the record is complete and shows that the alleged errors argued upon the partial record presented by plaintiff in error do not, in fact, exist.

The judgment of the circuit court of St. Clair county is affirmed.