(No., 29965.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN HALL, Plaintiff in Error.

*Opinion filed May 22, 1947.*

JOHN HALL, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (EDWARD E. WILSON, JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

.Mr. JUSTICE WILSON delivered the opinion of the court:

The defendant, John Hall, was indicted in the criminal court of Cook county for burglary and larceny alleged to have been committed on October 31, 1942. The indictment further charged defendant's previous conviction on April 29, 1942, of the crime of burglary. A jury was waived, defendant pleaded not guilty, evidence was adduced and,

on December 14, 1942, the trial judge found defendant guilty of larceny of property having a value of $200 and that he had been theretofore convicted of burglary, in manner and form as charged in the indictment. Judgment was entered on the finding and Hall was sentenced to the penitentiary for a term of ten years. He prosecutes this writ of error *pro se,* urging as the single ground for a reversal that the court erred in sentencing him to serve the full term for grand larceny since his prior conviction of burglary terminated in his being granted probation and that, under the Habitual Criminal Act, as amended in 1941, a term of probation is not actual imprisonment in the penitentiary. The sole error relied upon for reversal must be considered upon the common-law record, no bill of exception having been filed.

Section 1 of the Habitual Criminal Act, as amended in 1941, (Ill. Rev. Stat. 1945, chap. 38, par. 602,) so far as pertinent, provides: "Whenever any person who has been convicted of burglary, grand larceny, * * * when the punishment was imprisonment in the penitentiary, shall thereafter be convicted of any of. such crimes, committed after the first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crimes at the time of the last conviction therefor." The punishment for grand larceny in December, 1942, when defendant was convicted of this crime, was imprisonment in the penitentiary for an indeterminate term of from one to ten years. (Ill. Rev. Stat. 1941, chap. 38, par. 389.) The indictment charges that he had been convicted earlier in the year 1942 of the crime of burglary. In the present case, the indictment charging him with grand larceny does not allege that he was sentenced to the penitentiary upon his prior conviction of the crime of burglary. This court has held that, under the provision of section 1 of the Habitual Criminal Act, as amended in 1941, actual imprisonment in the penitentiary for the prior offense is a

prerequisite to the imposition of the aggravated punishment under the act upon conviction of a subsequent offense. (*People* v. *Perkins,* 395 Ill. 553.) The crime of burglary charged against defendant in 1942 was then, as now, a crime punishable by imprisonment in the penitentiary. Although defendant's assertion that he applied for, and was admitted to, probation is without any basis in the record, the indictment charging that he had been previously convicted of burglary does not allege that he was sentenced to, nor served time in, the penitentiary for his conviction of burglary. We note, in this regard, that defendant was convicted of burglary on April 29, 1942, and, on December 14 of the same year, convicted of larceny charged to have been committed on October 31, 1942. As pointedly observed in *People* v. *Perkins,* "Not only must the defendant be convicted of one of the named crimes, but his conviction must have resulted in punishment by imprisonment in the penitentiary. In short, it is not enough that there was a prior conviction for a crime punishable by imprisonment in the penitentiary, since the law now requires that there must have been a prior conviction followed by imprisonment in the penitentiary. * * * The manifest purpose of the legislature in amending the statute was undoubtedly to prevent an individual from being punished for the full term for a subsequent offense if the punishment for his previous offense was not actual imprisonment in the penitentiary."

Upon the authority of *People* v. *Perkins,* the judgment is reversed and the cause remanded to the criminal court of Cook county, with directions to strike the portion of the indictment referring to the previous offense of burglary, to require a plea to the indictment to the extent it charges grand larceny, and for a new trial.

*Reversed and remanded, with directions.*