(No. 30697.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* WALTER BOREMAN, Plaintiff in Error.

*Opinion filed November 18, 1948.*

WALTER BOREMAN, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, and WILLIAM J. TUOHY, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and MELVIN S. REMBE, all of Chicago, of counsel,) for the People.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Walter Boreman, was indicted jointly with Elmer Swanson and John Kozlowski in the criminal court of Cook County for the crime of robbery while armed with a gun. The indictment consisted of three counts. Count one charged robbery with a gun, alleged to have been committed on September 6, 1936. The second count contained the same allegations as the first except that it further charged plaintiff in error's previous conviction on February 16, 1930, of the crime of larceny of property having a value of $54 and his sentence to imprisonment in the Illinois State Reformatory at Pontiac. The third count charged plain robbery.

Plaintiff in error was arraigned, and being without counsel, Benjamin Bachrach, Public Defender, was, by the court of its own motion, appointed to represent him. Thereafter, plaintiff in error pleaded not guilty and moved for a separate trial. This motion was denied and plaintiff in error and Kozlowski were tried jointly. A jury found them guilty of robbery while armed with a gun, found that plaintiff in error, prior to the commission of said robbery, had been convicted of larceny of property of the value of $54, and found the age of plaintiff in error to be about twenty-five years. The court, on February 5, 1937, after denying plaintiff in error's motions for a new trial and in arrest of judgment, sentenced him to life imprisonment in the penitentiary. On motion of his counsel he was granted 90 days in which to prepare and file a bill of exceptions. He appears here *pro se* and presents only the common-law record.

Errors assigned by the plaintiff in error, grouped, are: (1) He was erroneously sentenced under the Habitual Criminal Act because his sentence under the prior conviction was to the reformatory instead of the penitentiary, and he was denied a fair and impartial trial; (2) he was denied due process of law within the meaning of the fourteenth amendment to the Federal constitution by the appointment of counsel whose negligence and unethical conduct effectively deprived him of the opportunity to present for review four reversible errors.

It is contended that the prior conviction and sentence to the Illinois State Reformatory at Pontiac for the crime of larceny, as alleged in the indictment, did not present a proper basis for imposition of the aggravated punishment under the Habitual Criminal Act of 1883, for the reason the crime alleged is not embraced within the intent of the said statute. Section 1 of this act, as originally passed in 1883, and as it remained thereafter until amended in 1941, provided, so far as is pertinent here, that "Whenever any person having been convicted of either of the crimes of burglary, grand larceny, horse-stealing, robbery, forgery, or counterfeiting, shall thereafter be convicted of any one of such crimes, committed after such first conviction, the punishment shall be imprisonment in the penitentiary for the full term provided by law for such crime at the time of such last conviction therefor." When this sentence was amended in 1941, several offenses not previously included were added, and following the enumeration of offenses, the words "when the punishment was imprisonment in the penitentiary" were also added. Since the amendment actual imprisonment in the penitentiary as a result of the prior conviction is a prerequisite to the imposition of the aggravated punishment under the act and in order to invoke the operation of the statute it is necessary for the prosecution to allege and prove that the accused was sentenced to the

penitentiary upon his prior conviction. We so held in *People* v. *Perkins,* 395 Ill. 553, and *People* v. *Hall,* 397 Ill. 134.

In the *Perkins case* this court, in discussing the effect of the amendment adding the words "when the punishment was imprisonment in the penitentiary" said: "Prior to the amendment of 1941, the list did not contain these or similar words and, consequently, it was immaterial whether an accused convicted of an enumerated crime was admitted to probation without serving any part of the sentence for the crime charged or whether he was sentenced to imprisonment in a reformatory or other institution, or in the penitentiary. It sufficed, under the law as it previously obtained, that the offender had been previously convicted of one of the named crimes."

While the Habitual Criminal Act as it obtained prior to the 1941 amendment was not directly involved in the *Perkins case,* what was there said, while unnecessary to a decision in that case, was fully approved in the case of *People ex rel. Buchalter* v. *Ragen,* 397 Ill. 515, where the question whether a defendant whose sentence under a prior conviction was to the reformatory instead of the penitentiary could be sentenced under the Habitual Criminal Act prior to the effective date of the 1941 amendment thereto was directly presented. In that case an indictment had been returned against Buchalter in 1933, charging him with burglary and with having been previously convicted of larceny of personal property of the value of $800 and sentenced to the Illinois State Reformatory. Thereafter he was sentenced to the penitentiary for the maximum term provided by law for the crime of burglary under section 1 of the Habitual Criminal Act. (Smith-Hurd Stat. 1933, chap. 38, par. 602.) Several years later, and after the amendment of said section in 1941, he instituted an original proceeding in *habeas corpus,* claiming his sentence under the Habitual Criminal Act was void because his sentence

under the prior conviction was to the reformatory and not to the penitentiary. This court held his sentence was proper and disposed of his contention with the following language: "In 1941, section 1 of the act was amended to confine the application of the act to those persons who had been committed to the penitentiary upon conviction of the enumerated crimes. Relator cannot avail himself of this amendment because he was convicted and sentenced under the act as it existed in December of 1933. Prior to the 1941 amendment it was immaterial whether an accused convicted of an enumerated crime was sentenced to a reformatory, or other institution, or to the penitentiary. *People* v. *Perkins,* 395 Ill. 553."

In *People* v. *Scudieri,* 363 Ill. 84, wherein we affirmed a sentence under the Habitual Criminal Act, based upon a verdict finding defendant had theretofore been convicted of robbery, but making no finding that he had been imprisoned in the penitentiary for that crime, it was pointed out that the Habitual Criminal Act, as it then existed, which was prior to the 1941 amendment, did not require a finding that imprisonment resulted under the prior conviction. In that case, we said, "A defendant may be convicted of a crime and not serve a sentence in the penitentiary. This would follow, for instance, in cases where a defendant is sent to the reformatory as a minor, or where he is given probation."

It will be observed by these holdings that under the Habitual Criminal Act, prior to its amendment in 1941, it was only necessary, in order to sentence a defendant to the increased penalty provided in the act, to allege, prove and find the fact of the former conviction, and it was immaterial whether the defendant, upon such former conviction, had been admitted to probation or whether he was sentenced to imprisonment in a reformatory or other institution, or in the penitentiary.

It is urged by plaintiff in error that it was not the intent of the legislature when it adopted the act in 1883 to include within its terms as a basis for its application any offense other than felonies which were infamous crimes, that a crime was not a felony or infamous unless punishable by imprisonment in the penitentiary, and that it was not within the meaning and purport of the statute that any defendant should be sentenced thereunder unless his prior conviction was followed by a sentence to the penitentiary. He asks that we re-examine the question and hold that the statute, prior to its amendment in 1941, when considered in the light of such amendment and in connection with the provisions of the Sentence and Parole Act of 1895, and with other sections of the Criminal Code concerning larceny and infamous crimes and defining a felony, be construed as requiring actual imprisonment in the penitentiary for the prior offense as a prerequisite to the imposition of aggravated punishment under the act upon conviction of a subsequent offense.

It is with sufficient clarity we are advised where it appears the court has made a mistake it will not decline to correct it, although it may have been reasserted and acquiesced in for a long number of years, especially if the former decisions are injurious in their operation. (*Neff* v. *George,* 364 Ill. 306.) It is of sufficient clarity to us that the object of construing any statute is to ascertain and give effect to the legislative intent. It is always proper to consider the course of legislation upon a particular stat-.ute in arriving at the legislative intent. (*People ex rel. Ward* v. *Chicago and Eastern Illinois Railway Co.* 365 Ill. 202.) It is proper, not only to compare statutes relating to the same subject matter, but to consider statutes upon related subjects though not strictly *in pari materia.* (*Anderson* v. *City of Park Ridge,* 396 Ill. 235.) Statutes are to be read in the light of attendant conditions and the

state of the law existent at the time of their enactment. *(People* v. *Day,* 321 Ill. 552.) The legislative intent that controls in the construction of a statute has reference to the legislature which passed the given act. *(People ex rel. Fyfe,* v. *Barnett,* 319 Ill. 403.) Statutes are to be construed as they were intended to be construed when they were passed. *(People* v. *Day,* 321 Ill. 552; *People ex rel. Fyfe* v. *Barnett,* 319 Ill. 403.) The office of the court is to interpret the language used by the legislature where it requires interpretation, but not to annex new provisions. *(People ex rel. Fyfe* v. *Barnett,* 319 Ill. 403.) The court has no power to annex to a statute a provision or condition which the General Assembly did not see fit to impose. *People* v. *Flaherty,* 396 Ill. 304.

In construing the Habitual Criminal Act, as originally enacted, it is the intent of the legislature which passed the act in 1883 that controls and not the intent of the legislature which amended the act in 1941.

Without unduly extending this opinion, the case here falls within the rule as heretofore pointed out in the *Perkins* and *Buchalter cases,* and plaintiff in error's contention that he was erroneously sentenced under the Habitual Criminal Act because his sentence under the prior conviction was to the reformatory instead of the penitentiary cannot be sustained.

Plaintiff in error complains of negligent and unethical conduct on the part of the attorney appointed for him by the court. This complaint is based solely upon the attorney's alleged failure to obtain and file a bill of exceptions after he had moved for and been allowed by the court 90 days' time in which to prepare and file the same. No special provision is made in the statute except in capital cases for the payment of stenographic services necessary to obtain a bill of exceptions. The public defender was appointed to defend plaintiff in error, and no objection was made to his appointment nor to his handling of the case.

The statute specifically provides in such cases that as to the prosecution of any writ of error or other proceeding on review the same is dependent upon his judgment that the interest of justice requires such review. We have nothing before us which would indicate any abuse of this discretion. The mere statement of plaintiff in error would not suffice to show there was such abuse, and further, the abstract of the record herein discloses nothing to support plaintiff in error's contention that he was denied a fair and impartial trial or due process of law because of the negligent and unethical conduct of the defense by the attorney appointed for him by the court.

No error being shown in the record of this case, the judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*