(No. 30918.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HENRY JAGIELLO, Plaintiff in Error.

*Opinion filed September 22, 1949.*

THADDEUS C. TOUDOR, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, W. S. MIROSLAWSKI, and PETER G. KUH, all of Chicago, of counsel,) for the People.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

Plaintiff in error, Henry Jagiello, was indicted jointly with Frank Ordyna in the criminal court of Cook County for the crime of robbery while armed with a gun. The indictment also charged plaintiff in error's previous conviction at the December term, 1932, in said court for the crime of larceny of property having a value of $1070, and his sentence to imprisonment in the Illinois State Reformatory at Pontiac. A jury found him guilty of robbery in manner and form as charged in the second count of the indictment with a finding that, prior to the commission of the robbery in question, the plaintiff in error had been convicted of grand larceny. The verdict of the jury contained a specific finding that at the time of the rendition of the

verdict, to wit, in December, 1938, the plaintiff in error was then about the age of 24 years. Motions for a new trial and in arrest of judgment were overruled by the court and the plaintiff in error was sentenced to the Illinois State Penitentiary for the duration of his life. The cause is brought here on the common-law record.

Plaintiff in error contends that the second count of the indictment, under which he was convicted, fails to allege an offense contrary to the statute and against the peace and dignity of the State of Illinois. The record discloses, however, reading the second count in its entirety, that it does conclude, "contrary to the Statute, and against the peace and dignity of the same People of the State of Illinois."

The contentions that the name of plaintiff in error was omitted from the part of the second count of the indictment which charged him with having been previously convicted of a felony, and that the omission of the date of his alleged previous conviction constitute fatal errors are not tenable. The additional record as filed by the defendant in error discloses the true record which shows the name of plaintiff in error was properly set out in the second count, as well as the proper date, and the objections raised have been obviated thereby. *People* v. *Williams*, 394 Ill. 243.

It is urged by plaintiff in error that his oral motion in arrest of judgment was overruled by the trial court, and that such a motion, even though not in writing, presumes that every proper reason for arresting the judgment was presented to the court, it being the position of plaintiff in error that, since an oral motion was made in arrest of judgment, the insufficiency of the indictment was properly presented and the court erred in not sustaining the motion. This is of no avail to plaintiff in error in the instant case, for the reason that the corrected record shows the indictment was sufficient, and we are of the opinion the court was correct in its ruling.

It is further urged by plaintiff in error that, under the provisions of section 1 of the Habitual Criminal Act, as amended, actual imprisonment in the penitentiary for the alleged prior offense is a prerequisite to the imposition of the aggravated punishment under the act upon conviction of a subsequent offense. There is no disagreement with this contention. We held in the case of *People* v. *Perkins,* 395 Ill. 553, that actual imprisonment in the penitentiary for the prior offense is a prerequisite to the imposition of aggravated punishment under the act upon conviction of a subsequent offense. This case, however, is not controlling in the instant case for the reason plaintiff in error was sentenced on the aggravated charge in 1938 as an habitual criminal, which was prior to the amendment of 1941, and it was immaterial whether the accused, convicted of an enumerated crime, was admitted to probation without serving any part of the sentence for the crime charged, or whether he was sentenced to imprisonment in a reformatory, or other institution, or the penitentiary. It was clearly pointed out in the case of *People* v. *Boreman,* 401 Ill. 566, which is controlling here, that under the Habitual Criminal Act as it existed prior to the 1941 amendment, one cannot contend that his sentence is improper because, under his former conviction, he was sentenced to the reformatory.

We find no reversible error in the record before us, and the judgment of the criminal court is affirmed.

*Judgment affirmed.*