(No. 31684.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE R. HAMLETT, Plaintiff in Error.

*Opinion filed January 18, 1951.*

GEORGE R. HAMLETT, *pro se.*

IVAN A. ELLIOTT, Attorney General, of Springfield, and MOREY C. PIRES, State's Attorney, of Dixon, (HARRY L. PATE, of Tuscola, of counsel,) for the People.

Mr. JUSTICE CRAMPTON delivered the opinion of the court:

The plaintiff in error, Hamlett, appears in this court *pro se* and with only the common-law record of his case in the circuit court of Lee County, wherein he was charged with the commission of a felony.

The circuit court accepted his plea of guilty to each of the two counts of the indictment. In the first one he was charged with having committed a robbery while his confederate was armed with a gun. The second alleged the same offense and also set forth a prior conviction in Missouri for the crime of grand larceny, together with actual imprisonment in the penitentiary of that State. The de-

fendant was sentenced on count one to the penitentiary for a "term of not less than one year nor more than life and until discharged by due course of law." Count two was laid under the Habitual Criminal Act, (Ill. Rev. Stat. 1949, chap. 38, pars. 602 *et seq.*,) and under section 1 thereof he was sentenced on that count to the penitentiary for "a term of his natural life and until discharged by due course of law. Sentence to run concurrently with sentence in Count One of the indictment." The defendant in his briefs concedes that the sentence of one year to life imprisonment on count one is valid. He contends in this court that judgment and sentence on count two should be reversed, for the prior Missouri conviction could not be used to increase his punishment under the second conviction because he was not sentenced to the Missouri penitentiary. The fact is, he was sentenced to the Missouri intermediate reformatory for young men for two years, kept in that institution for thirty days, then transferred to the State penitentiary, and imprisoned therein until his discharge about fourteen months later. He deems the acts of sentence and imprisonment to be inseparable, and the sentence on a prior conviction must result in the direct incarceration of the defendant in the penitentiary. He contends that a sentence which ultimately transfers him into the penitentiary by an initial service thereunder in some other penal or reformatory institution of the State does not fall within the legislative intent expressed in section 1 of the Habitual Criminal Act.

That section, in substance, provides that, whenever a person has been convicted of any of the crimes listed in the section which are punishable by imprisonment in the penitentiary, and shall thereafter be convicted of any of those crimes committed after the first conviction, punishment shall be imprisonment in the penitentiary for the full term. The defendant cites *People* v. *Perkins,* 395 Ill. 553, *People* v. *Hall,* 397 Ill. 134, *People* v. *Boreman,* 401 Ill.

566, and *People* v. *Byrnes,* 405 Ill. 103, on the mistaken belief they support his contention. In *People* v. *Perkins,* we said, "As the statute stands today, [1947] actual imprisonment in the penitentiary for the prior offense is a prerequisite to the imposition of aggravated punishment under the act upon conviction of a subsequent offense. Not only must the defendant be convicted of one of the named crimes, but his conviction must have resulted in punishment by imprisonment in the penitentiary. * * * The sentence, *or* imprisonment, is a condition precedent to an enlargement of the sentence for a present conviction under the Habitual Criminal Act." We also said the language of the section is free from ambiguity and clearly expresses the legislative intent that an individual must not be punished for the full term for a subsequent offense, unless the imprisonment for the previous offense was actual imprisonment in the penitentiary. *People* v. *Hall* is merely an affirmation of what is quoted above from the *Perkins case,* and application thereof to the facts of the *Hall case.* *People* v. *Boreman* is particularly apt, according to the defendant, for therein this court, when speaking of the effect of the 1941 amendment to section 1, said, "Since the amendment actual imprisonment in the penitentiary as a result of the prior conviction is a prerequisite to the imposition of the aggravated punishment under the act and in order to invoke the operation of the statute it is necessary for the prosecution to allege and prove that the accused was *sentenced* to the penitentiary upon his prior conviction. We so held in *People* v. *Perkins,* 395 Ill. 553, and *People* v. *Hall,* 397 Ill. 134." When the quoted portion is read along with what this court said elsewhere in that opinion regarding the case of *People* v. *Perkins,* it is readily seen that the word "sentenced" is used in the sense that it is now incumbent upon the prosecution, because of the amendment, to show the accused was actually imprisoned in the penitentiary as the result of the prior conviction. When so

understood, there is complete accord between what this court said in the two cases. *People* v. *Byrnes* makes avail of what the court said in *People* v. *Perkins* about the legislative intent expressed in section 1. In that case, the defendant was merely sentenced to the House of Correction for Milwaukee County, Wisconsin, and which, we held, was not equivalent to a penitentiary under the Illinois Habitual Criminal Act. The facts in none of the cases cited are similar to the facts of this case, for here the defendant actually served a term of imprisonment in the Missouri penitentiary for a previous offense, which was one of those listed in section 1. The cases cited do not aid the defendant.

Furthermore, when the defendant was sentenced to the intermediate reformatory, section 9118 of the Missouri statutes was in effect. (Missouri Rev. Stat. 1939 (1946 Supp.,) sec. 9118.) That section gave to the department of penal institutions of the State the power, with the consent of the Governor, to transfer to the penitentiary under the listed conditions any prisoner subsequent to his incarceration in the intermediate reformatory. A person so transferred shall be held in the penitentiary, "subject to all rules and discipline thereof, until he becomes eligible for release, according to the rules adopted for the penitentiary." Section 9118 controlled when defendant was sentenced, and the requirements of that section automatically became a part of the sentence the same as if it had been written into it by the court. Under that circumstance, the defendant was sentenced to the penitentiary as well as to the reformatory. The fact that such transfer could be made under the section without recourse being had to any court for a modification or amendment of the sentence establishes that the section is a part of the sentence.

Section 8 of article II of our State constitution provides that no person shall be held to answer for a criminal offense unless indicted by a grand jury, except in cases where the

punishment is by fine, or imprisonment otherwise than in the penitentiary. The previous offense of grand larceny is a felony in Missouri, and the statutes of that State permit prosecution on such charge by either indictment or information. (Missouri Rev. Stat. 1939 (1946 Supp.,) sec. 3892.) The latter was used in the prosecution of the defendant. Defendant now contends the prior conviction predicated on the information cannot be invoked under the Habitual Criminal Act because of the constitutional provision. In *People* v. *Poppe,* 394 Ill. 216, this court had to deal with the issue whether a previous conviction obtained outside of the State could be invoked under the act, even though the latter did not specifically so provide. We held that according to the intent of the act such previous conviction could be used. The issue was decided irrespective of whether the previous offense was predicated upon an indictment or an information. When the previous conviction has been procured in accordance with the law of the other State, it comes within the intent of the act, and the above provision of the Illinois constitution cannot be invoked to prevent use of the previous out-of-state offense, for that use is one separate and distinct from the Illinois offense.

Lastly, the defendant charges the trial court erred when it sentenced him under count two for an offense separate and distinct from that charged in count one because count two does not charge a criminal offense. Count two as set forth in the abstract might incline one to that view. The record, when examined, discloses that count two does contain a sufficient allegation of the Illinois offense. The defendant argues on the basis of what his abstract contains about count two, and he clearly failed to sufficiently abstract that count. When he pleaded guilty to the second count, he admitted what would otherwise have been in issue, namely, his commission of the Illinois offense and his com-

mission of the Missouri offense. (*People* v. *Casey*, 399 Ill. 374.) The record does not sustain the point.

The defendant having understandingly pleaded guilty to each count, and the trial court having sentenced him on each, it appears upon the face of the common-law record that it imposed two sentences as punishment for the same offense. This, in itself, will necessitate a reversal and remandment for the sole purpose of enabling the trial court to enter the proper judgment, unless we can say, that under the circumstances of this case, one of the sentences is surplusage and may be regarded as void. The trial court could exercise no discretion when imposing sentence on count two. The defendant had pleaded guilty to that count, including the charge therein of the prior conviction, and the trial court specifically found the charge of prior conviction to be true. Under such conditions the Habitual Criminal Act is mandatory, and it provides an inflexible rule or standard of punishment. (*People* v. *Flaherty*, 396 Ill. 304.) The trial court obeyed that mandate by properly sentencing the defendant on count two to life imprisonment. It had no right to impose a sentence on count one, for the sentence on count two was all-inclusive, it being a greater punishment than the one which could have been imposed on count one, had count two not been in the indictment.

In *People ex rel. Weed* v. *Whipp*, 352 Ill. 525, Weed, an inmate of the penitentiary, instituted *habeas corpus* proceedings to obtain a review of his conviction and sentence. He was indicted upon the charge of assault with intent to commit rape; and he pleaded not guilty, was tried, found guilty by the jury of that crime and properly sentenced by the court upon the verdict to a term in the penitentiary. Weed asked his discharge from prison because the trial court's record of the judgment and the *mittimus*, both, declared, "Therefore it is ordered and adjudged * * * said defendant * * * is sentenced to the penitentiary

* * * for the crime of rape, * * *." This court, in disposing of the contentions of Weed, stated this rule: "Where a court is authorized by law to impose imprisonment, and it imposes a sentence which it might lawfully impose and in addition thereto a sentence which it had no right to impose, the illegal part of the sentence will be regarded as surplusage and the sentence void merely as to the excess." We further said the rule could not be applied, for Weed had proceeded *via habeas corpus* proceeding instead of by writ of error; a writ of *habeas corpus* cannot be used to review that judgment even though there had been jurisdiction of the person, of the offense and the sentence is excessive, until the sentence which might legally have been imposed has been served. As Weed had not so served, he was remanded back to the penitentiary.

The instant case comes before us by writ of error, and we may rightfully apply the rule. We hold that the sentence imposed upon defendant by reason of his plea of guilty to count one is surplusage and beyond the jurisdiction of the trial court, hence is void and is to be entirely disregarded.

The defendant, acting evidently upon an afterthought, includes, in that portion of his reply brief labeled "conclusion," and attempts to assign, an additional error. It is predicated upon the allegation that he was not represented by counsel and that the record does not show counsel was tendered to him, or that he waived his right to counsel. In order to obtain a decision upon that allegation of error, the defendant should have incorporated it in his original brief and argument. To consider this assignment at this time would operate to deprive the Attorney General of the opportunity to brief and argue in opposition. Additionally, the defendant has not briefed and argued the alleged error and he has waived it. We will decide only assigned errors briefed and argued.

The judgment of the circuit court of Lee County will be affirmed.

                                    *Judgment affirmed.*