MR. JUSTICE DAY
delivered the opinion of the Court.
This is an appeal from an injunction issued by the Adams County district court against defendants-appellants.
On May 12, 1972, the district attorney of Adams County instituted proceedings to declare the appellant corporation’s drive-in theater a nuisance pursuant to C.R.S. 1963, 39-15-1 et seq. The complaint named the defendants as owners and operators of the theater and sought preliminary and permanent injunctive relief. The nuisance sought to be abated was alleged to be the result of certain activities of the defendants, namely, the operation of a drive-in theater and its impact on the surrounding property and its residents.
The district court issued an order to show cause why a *3 preliminary injunction should not issue and set the matter for a hearing on May 22. On that date, the court granted a motion for a continuance and dismissed the suit as to one of the defendants. The hearing on the preliminary injunction was rescheduled for May 31, on which date the defendants filed three motions: a motion to dismiss for failure to state a claim, a motion for a more definite statement, and a motion to dismiss the preliminary injunction. The defendants did not file an answer, and the necessity therefor would not arise until the motions were disposed of.
The defendants’ motions were denied by the district court. Defense counsel then stated to the court that the defendants were only prepared to proceed with the hearing on the preliminary injunction and not a hearing on the merits of the permanent injunction. Defense counsel further noted that the defendants had yet to file an answer to the complaint. The district court ruled, however, that a public nuisance action was a special statutory proceeding, and consequently not governed by the rules of civil procedure. The defendant, therefore, could not file an answer. The hearing proceeded, a permanent injunction was issued, and the defendants appealed. We reverse.
 Under the Colorado statutes, public nuisance suits may be either criminal or civil in nature. C.R.S. 1963, 39-15-14. Where a civil action is brought, as here, the only remedy is injunctive relief. The statutes further provide that a civil action for injunctive relief “shall be conducted under the laws relating to civil procedure.” C.R.S. 1963, 39-15-16. Thus, the statute mandates that the rules of civil procedure be followed. This means there must be an answer to a complaint for permanent injunctive relief. C.R.C.P. 7. Without an answer, the issues are not framed and the defendant’s right to assert affirmative defenses is waived. C.R.C.P. 8(c). Simply put, there must be an answer to every complaint. The defendants shall have whatever time the trial court may grant to file an answer. C.R.C.P. 12(a).
Judgment is reversed, and this cause is remanded with directions to conduct further proceedings consonant with the views expressed herein.