THE PEOPLE *ex rel.* JOHN A. BARRA, State's Attorney of Peoria County, Plaintiff-Appellant, *v.* STEPHEN WAYNE WIEBLER, Defendant-Appellee.

Third District   No. 3—84—0030

Opinion filed September 6, 1984.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Vicki R. Wright, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mark A. Rose, of Hatcher & Rose, of Peoria, for appellee.

JUSTICE STOUDER delivered the opinion of the court:

The State appeals from the trial court's order denying its petition for vehicle forfeiture. We affirm.

The defendant, Stephen W. Wiebler, pleaded guilty to charges of unlawful delivery of a controlled substance. (Ill. Rev. Stat. 1983, ch. 56½, par. 1401.) Subsequently, the State filed under section 36—1 *et seq.* of the Criminal Code of 1961 (hereinafter the statute) (Ill. Rev.

Stat. 1983, ch. 38, par. 36—1 *et seq.*) for forfeiture of the defendant's van. Title to the van is registered to both the defendant and Walter Brothers' Harley-Davidson (hereinafter Walter Brothers').

The vehicle forfeiture statute provides, in relevant part, for seizure by the State of a vehicle used with the knowledge and consent of the *owner* in the commission of the offense of unlawful delivery of a controlled substance. (Ill. Rev. Stat. 1983, ch. 38, par. 36—1.) However, under section 36—1a, the State is required to release a seized vehicle to a described lienholder or secured party upon his showing that his interest is *bona fide* and was created without actual knowledge that the vehicle was used or was to be used in the commission of the offense charged. (Ill. Rev. Stat. 1983, ch. 38, par. 36—1a.) If the State's Attorney does not remit the seized vehicle for any reason, the statute provides that he shall bring an action for forfeiture of the vehicle. At the hearing on forfeiture, the State must show by a preponderance of the evidence that the vehicle was used in the commission of an offense covered by the statute. Under section 36—2, the owner of the vehicle or any person whose right, title or interest is of record may then show by a preponderance of the evidence that he "did not know, and did not have reason to know" that the vehicle was to be used in the commission of the relevant offense. Ill. Rev. Stat. 1983, ch. 38, par. 36—2.

In the instant case, the State filed an amended forfeiture complaint which alleged that the van in question was used with the owner's knowledge and consent in the commission of the offense of unlawful delivery of a controlled substance. The complaint further alleged that at all relevant times the owners of the van were the defendant and Walter Brothers'. The defendant is employed by Walter Brothers', a sole proprietorship owned by the defendant's father. In the instant case, the father and Walter Brothers' are treated as interchangeable entities.

In the trial court, the parties focused on their differing interpretations of the statutory sections and on the question of actual ownership of the van. The court received stipulated evidence that the father was unaware of the defendant's criminal activities. The defense argued that under the statute the State cannot secure forfeiture from a co-owner who did not have knowledge of the criminal conduct in which the co-owned vehicle was involved. The defense also presented evidence of the father's actual ownership of the van. The State argued, on the other hand, that an actual co-owner without knowledge of the criminal use of the vehicle cannot defeat forfeiture if another co-owner knew of the relevant criminal conduct. The State also argued

that the father was not an actual owner. The State did not address in any manner whether the defendant's father had reason to know of the defendant's criminal conduct.

The trial court found that the defendant and his father were actual co-owners of the van. The court also found that the van was used in the commission of the crime of unlawful delivery of a controlled substance. Thirdly, the court found that the father did not have knowledge that the van was being used in the commission of a crime. The court made no findings on whether the father had reason to know that the vehicle was to be so used. The court dismissed the State's forfeiture petition, based on its determination that the forfeiture was objected to by an innocent co-owner.

On appeal the State presents alternative arguments that either the defendant's knowledge must be imputed to the father or that the father was not an actual owner capable of defeating forfeiture. We address the arguments in turn.

In its first argument, the State maintains that the instant statutory scheme contemplates that one joint owner's knowledge that a vehicle was being used for the commission of a criminal offense must be imputed to all other joint owners. The State asserts that the imputed knowledge satisfies the statutory requirement that the owner "knew or should have known" of the criminal conduct. In the instant case, according to the State, given the defendant's knowledge and notice that the vehicle was being used for criminal purposes, Walter Brothers' is incapable of establishing that it did not know and did not have reason to know of the van's use.

In response, the defendant argues that section 36—2 of the statute evidences a legislative intent to prevent forfeiture when a described party in interest, such as the father in the instant case, shows that he had neither actual knowledge nor reason to know of the relevant criminal conduct. The defendant also argues that the State has waived its imputation argument by not raising it in the trial court.

■ Initially, we find that the State has not waived its imputation argument. The State's phrasing on appeal is changed from that which it presented to the trial court. However, the argument is substantially equivalent to the State's position in the trial court. We therefore address its merits. We are aware of no case authority addressing the argument presented.

The State correctly argues that when a vehicle is registered to more than one person, the persons named in the title are statutorily presumed to be joint tenants of the vehicle. (Ill. Rev. Stat. 1983, ch. 95½, par. 3—107.1.) The State reasons, then, that in the context of

the instant statute, notice to one of several joint owners or joint tenants should be considered as notice to all owners of title. Accordingly, the State theorizes that the defendant's knowledge and notice of criminal use of the van must be attributed to the father. In the State's analysis, had the legislature intended for co-owners to be able to interrupt or prevent a forfeiture, co-owners would have been included in section 36—1a's provisions whereby a lienholder or secured party without knowledge may effect release of a seized vehicle. We disagree.

■ We note initially that in support of its imputation argument, the State relies on non-Illinois authority which we find unpersuasive. The State correctly observes that section 36—1a excludes co-owners, such as the father in the instant case, from the category of persons who can effect a release of a seized vehicle by showing their interest is *bona fide* and was made without actual knowledge of the seized vehicle's connection to criminal conduct. Section 36—2, however, plainly allows a joint titleholder of record to show at a forfeiture hearing that he neither knew *nor had reason to know* of the vehicle's connection to criminality. The plain language of the statute evidences a legislative intent to provide a joint tenant with the opportunity to prove he should not be charged with another joint tenant's guilty knowledge. That legislative intent is inconsistent with the imputation of knowledge which the State urges us to find.

In the alternative, the State argues without authority that the trial court erroneously found that Walter Brothers' was an actual owner of the van. At the hearing on the State's petition, the court received evidence that checks drafted on Walter Brothers' business account had paid for the purchase of the van plus repairs, tires, licensing, and insurance for the vehicle. Additionally, the court received evidence that the van was used for Walter Brothers' business as well as for the defendant's personal purposes. There also was evidence that both the defendant and his father referred to the van as the defendant's.

The State argues that the evidence overcame the *prima facie* evidence of joint ownership and established that the defendant was the actual and sole owner of the van. Accordingly, the State argues, the father had no actual interest which he could assert to defeat the forfeiture.

■ We need not address the validity of the State's premise that if Walter Brothers' was only a nominal title holder and not a "true owner," it cannot challenge the forfeiture. There was ample evidence to support the trial court's finding that Walter Brothers' was, in fact,

a true owner. We find no error in the trial court's finding and will not reverse it on appeal.

Accordingly, the judgment of the circuit court of Peoria County is affirmed.

Affirmed.

SCOTT and HEIPLE, JJ., concur.