The PEOPLE of the State of Colorado, Plaintiff-Appellant,

v.

Jack Lee GARNER, Lynette Garner, and One 1978 Pontiac Trans-Am, Gold in Color, Vehicle Identification Number 2W87Z8L152247, Colorado License Plate Number FY2497, Defendants-Appellees.

No. 85SA19.

Supreme Court of Colorado, En Banc.

Feb. 23, 1987.

Stuart A. VanMeveren, Dist. Atty., Loren B. Schall, Asst. Dist. Atty., Fort Collins, for plaintiff-appellant.

George B. Nichols, Russell H. Nichols, Loveland, for defendants-appellees.

QUINN, Chief Justice.

■ The People appeal a district court judgment which vested the entire interest in a motor vehicle declared a class 1 public nuisance in the innocent co-owner of the vehicle.[1] We hold that the district court had no authority under the Colorado Abatement of Public Nuisance Statute (Public Nuisance Statute), §§ 16–13–301 to –316, 8A C.R.S. (1986), to vest the entire ownership of the vehicle in the innocent co-owner once the vehicle had been adjudged a class 1 public nuisance and had been ordered forfeited. We accordingly reverse the judgment and remand the case to the district court for further proceedings.

I.

On September 13, 1983, the District Attorney filed a civil action in the District Court of the Eighth Judicial District for abatement of a public nuisance. The complaint named as defendants Jack Lee Garner, his former wife Lynette Garner, and a 1978 Pontiac Trans-Am motor vehicle bearing the identification number 2W87Z8L152247 and Colorado license plate number FY2497. The complaint alleged that Jack Garner and his former wife were registered co-owners of the automobile and that Jack Lee Garner had used the car for the unlawful possession, transportation, and distribution of a controlled substance on September 7, 1983, in Larimer County, Colorado. The complaint requested the court to adjudge the vehicle a class 1 public nuisance, to declare the forfeiture of the vehicle, and to order its delivery to the Loveland Police Department. Jack Lee Garner filed an answer admitting his ownership interest in the vehicle but basically denying the other allegations of the complaint. Lynette Garner also filed an answer in which she claimed an ownership interest in the vehicle but denied any knowledge of or role in the alleged illegal use of the vehicle.

The case was tried to the district court upon a written stipulation of facts, and the court made the following findings based on the stipulated facts: that Jack Lee Garner and Lynette Garner were record owners of

---

1. Since an action to abate a public nuisance is civil in nature, *People v. Milton*, 732 P.2d 1199, 1204 (Colo.1987); *see* § 16–13–307(3) & (5), 8A C.R.S. (1986), an appeal from such action should properly be taken to the court of appeals in the first instance. Since the appeal was initially filed in this court, however, we elect in the interest of judicial economy to treat this case as a certiorari proceeding under C.A.R. 50.

the 1978 Pontiac Trans-Am; that the Garners were formerly married, but that their marriage was dissolved on May 24, 1983; that the car was used by Jack Lee Garner to transport cocaine for sale on September 7, 1983; that the vehicle was seized on that date by the Loveland Police Department, which currently had possession of the vehicle under a preliminary injunction and was intending to use the vehicle for undercover drug operations; that Jack Lee Garner pleaded guilty on November 30, 1984, to the offense of distribution of a schedule II controlled substance; and that there was no evidence that Lynette Garner used the car for illicit drug trafficking or even knew of Jack Lee Garner's illegal use of the vehicle. Based on these factual findings, the court concluded that the interest of Jack Lee Garner in the vehicle should be forfeited and that, since Lynette Garner was not a party to the creation of the nuisance and would suffer undue hardship by sale, confiscation, or destruction of the vehicle, her interest should not be forfeited. The court accordingly entered an order forfeiting Jack Lee Garner's interest in the automobile and vesting the entire interest in the vehicle in Lynette Garner.

The People challenge the judgment entered by the district court, arguing that vesting Lynette Garner with the entire ownership interest in the vehicle is violative of section 16–13–311(3) of the Public Nuisance Statute. We conclude that the district court's disposition of the seized vehicle was contrary to the dispositional alternatives mandated by the Public Nuisance Statute, and we accordingly reverse the judgment and remand the case to the district court for further proceedings.

## II.

The purpose of the Colorado Public Nuisance Statute is to restrain, prevent, abate, and perpetually enjoin every public nuisance. § 16–13–302, 8A C.R.S. (1986). A

vehicle is deemed a class 1 public nuisance when, as pertinent here, it is used for the

> sale, or distribution or for storage or possession for any unlawful manufacture, sale, or distribution of any controlled substance, as defined in section 12–22–303(7), C.R.S., or other drug the possession of which is an offense under the laws of this state or imitation controlled substance, as defined in section 18–5–602(3), C.R.S.

§ 16–13–303(1)(c), 8A C.R.S. (1986). When a court determines that a vehicle has been so used and is thus a public nuisance, the vehicle is "subject to seizure, confiscation, and forfeiture" pursuant to section 16–13–303(2).

 The principle upon which forfeiture statutes are based is that the property is the "offender" and may thereby be subject to forfeiture even though the owners of the property might well be innocent of any wrongdoing. *See Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 680–90, 94 S.Ct. 2080, 2090–95, 40 L.Ed.2d 452 (1974). This principle is also reflected to some extent in Colorado's Public Nuisance Statute, which defines an "action to abate a public nuisance" as an action "to restrain, remove, terminate, prevent, abate, or perpetually enjoin" the nuisance, § 16–13–301(1), 8A C.R.S. (1986), and which authorizes the court to issue a temporary restraining order or preliminary injunction directed to the sheriff to seize and close the offending property pending further order of court, § 16–13–308, 8A C.R.S. (1986).[2] Section 16–13–303(2), however, mitigates some of the harshness inherent in this principle by exempting property from forfeiture if the court finds that "the possession of said property is not unlawful and the owner of said property was not a party to the creation of the nuisance and would suffer undue hardship by sale, confiscation, or destruction of the property."

 Although the legislature intended section 16–13–303(2) as a protection for the

---

**2.** That the property itself is the offending entity is further evidenced by the practice of naming

the object—in this case the vehicle—as a defendant in the abatement action.

innocent owner of property used in a manner prohibited under the statute, we do not read this section so broadly as to exempt from forfeiture property owned by more than one person when only one owner was involved in or had knowledge of the prohibited use, while the other did not. To so read the statute would allow an owner to use the property for one or more of the proscribed illegal purposes and still defeat the forfeiture provisions by the simple expedient of placing title to the property in co-ownership with some innocent person. We reject such an interpretation and construe section 16–13–303(2) to require forfeiture when there is at least one owner of the vehicle who participated or acquiesced in the prohibited use which led to the vehicle being declared a public nuisance, notwithstanding the fact that a co-owner had no knowledge of or role in the creation of the nuisance. *See, e.g., In the Matter of 1976 Blue Ford Pickup,* 120 Ariz. 432, 586 P.2d 993 (Ariz.Ct. App.1978) (pickup truck, titled in name of mother and son, was subject to forfeiture when son was stopped for speeding and 1.45 grams of marijuana was found in pocket of coat hanging inside truck, even though mother had no knowledge of prohibited use of truck); *In re Forfeiture of One 1976 Dodge Van,* 429 So.2d 718 (Fla. Dist.Ct.App.1983) (where van was titled in father's and son's names, guilty knowledge of son that van was used to transport cocaine was sufficient basis to justify forfeiture even though father had no such knowledge); *People v. One 1979 Honda Automobile,* 139 Mich.App. 651, 362 N.W.2d 860 (1984) (where car was titled in father's and daughter's names, guilty knowledge of daughter that car was used in drug transaction rendered vehicle subject to forfeiture); *Amrani-Khaldi v. State,* 575 S.W.2d 667 (Tex.Civ.App.1978) (car used by husband to transport hashish without knowledge or consent of wife not exempt from forfeiture, even though car was community property).[3]

■ Our construction of the Public Nuisance Statute to require the forfeiture of a jointly owned vehicle determined to be a public nuisance, even though one of the co-owners is innocent of any wrongdoing, does not mean that the innocent party's interest in the vehicle may not be recognized and conserved. On the contrary, an action for the abatement of a class 1 public nuisance is equitable in nature, *Gregg v. People,* 65 Colo. 390, 396, 176 P. 483, 485 (1918); *see also* § 16–13–308(1), 8A C.R.S. (1986); *People v. Cory,* 183 Colo. 1, 514 P.2d 310 (1973), and while a court in the exercise of its equity powers may not act contrary to statutory mandate, it does retain a considerable degree of discretion and flexibility in fashioning a decree that achieves a fair result under the particular circumstances of the case. *See Dlug v. Wooldridge,* 189 Colo. 164, 538 P.2d 883 (1975); *McFadzean v. Lohr,* 152 Colo. 31, 380 P.2d 20 (1963); *Rice v. Hilty,* 38 Colo. App. 338, 559 P.2d 725 (1976). In a forfeiture situation, therefore, a court retains the authority to protect, to the extent practicable and within the framework of the statutory dispositional alternatives, the interest of the innocent party.

When it is determined that the seized vehicle is a public nuisance and is subject to forfeiture, the vehicle must be disposed of in accordance with section 16–13–311(3), 8A C.R.S. (1986), which provides in pertinent part:

(3)(a) Except as otherwise provided in this section, the court may order any such property sold by the sheriff in the manner provided for sales on execution.

---

3. We acknowledge that some courts have interpreted forfeiture statutes similar to the Colorado statute to prohibit the forfeiture of a jointly owned vehicle if one of the co-owners is innocent of any wrongdoing. *E.g., State v. Shimits,* 10 Ohio St.3d 83, 461 N.E.2d 1278 (1984); *People ex rel. Barra v. Wiebler,* 127 Ill.App.3d 488, 82 Ill.Dec. 353, 468 N.E.2d 1007 (1984). We believe this interpretation flies in the face of the overriding purpose of the Public Nuisance Statute, which is to prevent and abate the existence of public nuisances through the sanction of forfeiture, and we accordingly reject such a construction.

The proceeds of the sale shall be applied as follows:

(I) To the fees and costs of removal and sale;

(II) To the allowance and cost of closing and keeping closed the building or place where the property was seized pursuant to the provisions of this part 3;

(III) To the payment of the plaintiff's costs in such action; and

(IV) The balance, if any, or any portion thereof not otherwise distributed pursuant to this subparagraph (IV), to the general fund of the state. Instead of being deposited in the general fund, such balance or any portion thereof may be delivered, upon order of the court, as follows:

(A) To the seizing agency if the court finds that the proceeds can be used by such agency;

(B) To any person who suffers bodily injury or property damage as a result of the action which constitutes the nuisance, if said person petitions the court therefor.

(b) In lieu of ordering the sale of such property, the court may, if it finds that it can be used by the agency which seized it, order it delivered to the agency for such use.

Section 16–13–311(3) accordingly requires that a forfeited vehicle either be sold, and the sale proceeds applied as set forth therein, or be delivered to the seizing agency if the agency can use it. A court is not free to ignore the statutory scheme and dispose of the vehicle in a manner other than as set forth therein. However, while required to order the disposition of the vehicle in accordance with section 16–13–311(3), the court nonetheless retains inherent eq-

uitable authority to order that the chosen statutory alternative be implemented in a manner calculated to safeguard the interest of the innocent co-owner.[4]

### III.

 In this case the Pontiac Trans-Am was subject to forfeiture as a class 1 public nuisance since it was used for the unlawful transportation of a controlled substance. Section 16–13–303(3), which exempts property from forfeiture when the owner was not a party to the creation of the nuisance and would suffer undue hardship by sale, confiscation, or destruction of the property, is not applicable here since Jack Lee Garner, a co-owner of the vehicle, used the vehicle in an unlawful manner and thus was a party to the creation of the nuisance. Under section 16–13–311(3), therefore, the court was required to dispose of the forfeited property in accordance with the alternatives set forth therein, namely, a sheriff's sale or an order authorizing the delivery of the vehicle to the agency which seized it.

 Although the district court had no authority to order the entire interest in the car to be vested in Lynette Garner, the innocent co-owner, it did retain inherent equity authority to impose conditions on any of the mandated dispositional alternatives so as to protect the ownership interest of Lynette Garner. Thus the court in the exercise of its equity powers had the authority to order a sheriff's sale of the vehicle on the condition that one-half of the proceeds of the sale, after deduction of fees and costs incident to the seizure and the abatement action, be paid to Lynette Garner, or that Lynette Garner be given the opportunity to bid at the sheriff's sale on the forfeited interest of Jack Lee Garner and thereby acquire the entire interest

---

4. In their brief the People concede that the district court retains the authority to safeguard the interest of an innocent co-owner. The relief requested by the People is that the judgment be reversed and the case be remanded to the district court with directions to order that the individual interest of Jack Lee Garner be sold at a sheriff's sale, with the purchaser becoming co-owner of the vehicle with Lynette Garner, or alternatively that the vehicle be delivered to the Loveland Police Department for its official use upon payment to Lynette Garner of one-half of the reasonable market value of the vehicle.

in the vehicle, or that the vehicle be delivered to the seizing agency, the Loveland Police Department, upon the agency's payment of one-half of the fair market value of the vehicle to Lynette Garner. The district court, however, acted contrary to statute when it forfeited Jack Lee Garner's interest in the vehicle and then, without ordering a sheriff's sale or delivery of the vehicle to the seizing agency on conditions calculated to safeguard the interest of Lynette Garner, simply vested the entire interest in the forfeited vehicle in Lynette Garner.

We accordingly reverse the judgment and remand the case to the district court for further proceedings not inconsistent with the views herein expressed.