THE PEOPLE *ex rel.* FRED L. FOREMAN, State's Attorney of Lake County, Plaintiff-Appellant, v. ESTATE OF RAYMOND KAWA, Defendant-Appellee.

Second District   No. 86—0099

Opinion filed February 23, 1987.

Scott, Judge, presiding.

Fred L. Foreman, State's Attorney, of Waukegan, *pro se* (John W. Bartels IV, Assistant State's Attorney, of counsel), for appellant.

Steven A. Salzman, of Schmidt & Salzman, Ltd., of Chicago, for appellee.

PRESIDING JUSTICE LINDBERG delivered the opinion of the court:

Plaintiff, the People of the State of Illinois (State), initiated a forfeiture proceeding against defendant, the estate of Raymond Kawa (estate), pursuant to section 505 of the Illinois Controlled Substances Act (Act) (Ill. Rev. Stat. 1985, ch. 56½, par. 1505). The State sought

approximately $1,680 in United States currency which had been found in a safety deposit box along with a quantity of cocaine. Defendant, the administrator of the estate of the decedent, filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619). The State appeals from the judgment of the circuit court of Lake County which granted defendant's motion to dismiss the complaint. On appeal, the State contends that the trial court erred when it granted defendant's motion to dismiss as: (1) the motion to dismiss was unsupported by affidavit; (2) defendant challenged, rather than admitted, the facts of the complaint as is proper on a motion to dismiss; and (3) defendant failed to meet its burden of proof. We reverse.

Raymond Kawa died on June 18, 1981. At the time of his death, he had owned a safety deposit box at the American National Bank in Libertyville. In May 1985, the bank opened the box by drilling it, since the rent was in arrears, and discovered a quantity of cocaine along with numerous other items of jewelry, stamps, and an antique bill collection with face value of approximately $1,680.

On May 13, 1985, the Lake County State's Attorney filed a forfeiture action (cause No. 85 MR 159) against the "Estate of Raymond Kawa." In the complaint the State alleged that the currency and the quantity of cocaine were found in the safety deposit box of Raymond Kawa. Thereafter, on July 10, 1985, the State's attorney filed another complaint (cause No. 85 MR 230) for forfeiture against "Raymond Kawa, deceased." The complaint sought forfeiture of $1,680 in United States currency.

On October 23, 1985, defendant was served with the cause No. 85 MR 159 complaint. The actual complaint which defendant received, however, was the complaint set out in cause No. 85 MR 230. The number "85 MR 230" was blocked out, and "85 MR 159" was substituted. Later, on January 8, 1986, the court granted the State's motion to dismiss cause No. 85 MR 230. On November 26, 1985, defendant filed a motion pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) to dismiss the forfeiture proceeding. In support of its motion defendant alleged: (1) the statutory exemption from forfeiture provided for in section 505(a)(5); (2) the State's alteration of the complaint; (3) the pendency of another action; (4) the State's failure to conform to statutory requirements; and (5) the death of Raymond Kawa warranted the dismissal of the complaint.

On appeal, defendant seems to argue that the grounds for dismissal were also brought pursuant to a section 2—615 motion. (Ill.

Rev. Stat. 1985, ch. 110, par. 2—615.) Defendant, however, brought its motion to dismiss pursuant to section 2—619, and on review, we will only consider those grounds raised properly in the section 2—619 motion. See *Premier Electric Construction Co. v. La Salle National Bank* (1983), 115 Ill. App. 3d 638, 642, 450 N.E.2d 1360.

On December 4, 1985, the court granted the State leave to file a first amended complaint which essentially alleged the same set of circumstances as the prior complaint. At a hearing on defendant's motion, the State argued that, as the estate failed to present evidence to satisfy its burden of proof under section 505(a)(5), the statutory exemption did not apply and the court should not dismiss the complaint. The court dismissed the complaint with prejudice, and the State appeals.

Section 505(a)(5) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(5)) provides that the following are subject to forfeiture:

> "[E]verything of value furnished, or intended to be furnished, in exchange for a substance in violation of this Act, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used, to facilitate any violation of this Act; except that no property is subject to forfeiture under this Section, to the extent of the interest of an owner, by reason of any act or omission which that owner proves to have been committed or omitted without his or her knowledge or consent. All moneys, coins and currency found in close proximity to forfeitable substances, to forfeitable drug manufacturing or distributing paraphernalia, or to forfeitable records of the importation, manufacture or distribution of substances, are rebuttably presumed to be forfeitable under this Act. The burden of proof is upon claimants of the property to rebut this presumption."

Section 506 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1985, ch. 56½, par. 1506) states:

> "It is not necessary for the State to negate any exemption or exception in this Act in any complaint, information, indictment or other pleading in any trial, hearing, or other proceeding under this Act. The burden of proof on any exemption or exception is upon the person claiming it."

The first amended complaint alleged that: On June 18, 1981, Raymond Kawa knowingly and unlawfully possessed cocaine; on that date, $1,680 in United States currency was used to facilitate a violation of section 402 of the Illinois Controlled Substances Act (Ill. Rev.

Stat. 1985, ch. 56½, par. 1402); this currency was found in close proximity to the cocaine; and on August 25, 1985, law-enforcement officers of the Libertyville police department seized the currency and cocaine from a safety deposit box at the American National Bank of Libertyville.

██ ■ "In considering a motion to dismiss, the trial court must accept as true all the facts well pleaded as well as reasonable inferences which can be drawn from those facts." (*Schnidt v. Henehan* (1986), 140 Ill. App. 3d 798, 803, 489 N.E. 2d 415.) Thus, as the State alleged that the currency was found in close proximity to the cocaine, the currency is rebuttably presumed to be forfeitable under section 505(a)(5), and the burden of proof is upon the claimant to rebut the presumption. The claimant must prove lack of knowledge or consent on the part of the "owner" of the currency of any act or omission involving an exchange in violation of the Illinois Controlled Substances Act.

We assume for purposes of this appeal that defendant filed its motion to dismiss pursuant to section 2—619(a)(9) (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9)) specifically to rebut the presumption. (See *Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 483 N.E.2d 924.) This section provides in pertinent part:

"Defendant may, within the time for pleading, file a motion for dismissal *** upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(9) That the claim asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim." Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).

In the present case, defendant did not file any affidavit in support of its motion. Therefore, we must determine whether the ground for dismissal appears on the face of the State's first amended complaint and also whether that ground is "other affirmative matter" which avoids the legal effect of or defeats the State's claim. (*Giannini v. First National Bank* (1985), 136 Ill. App. 3d 971, 979, 483 N.E.2d 924.) The only ground which appears on the face of the State's complaint is the fact that the State filed its complaint against the "Estate of Raymond Kawa." We express no opinion here on whether the estate is a proper party defendant. (See *Wisemantle v. Hull Enterprises, Inc.* (1981), 103 Ill. App. 3d 878, 881, 432 N.E.2d 613.) However, at the hearing on the motion to dismiss the State's complaint, the administrator of decedent's estate appeared through counsel to

contest the complaint in its motion to dismiss.

At the hearing, and now on appeal, defendant contends that title to the contents of the safety deposit box vested in the estate of Raymond Kawa immediately upon Raymond Kawa's death. Thus, defendant concludes, with no citation to authority in violation of Supreme Court Rule 341(e)(7) (103 Ill. 2d R. 341(e)(7)), that as a matter of law it is legally impossible for the estate, a fictional entity, to have the requisite knowledge of a violation of the Illinois Controlled Substances Act, and, in view of the statutory exception, the State's complaint was properly dismissed. Section 505(a)(5) places the burden of proof on claimants of the property to rebut the presumption that all currency found in close proximity to forfeitable substances is also forfeitable under the Act. The "owner" can prevail, however, when it is proved that the "owner" lacked knowledge of the exchange of the money for a substance in violation of the Act. In the present case, the claimant is the administrator of the estate of Raymond Kawa. Thus, in order to overcome the presumption stated in section 505(a)(5), it is incumbent that the administrator as "owner" prove that the administrator as "owner" of the contents of the safety deposit box lacked knowledge of the act or omission of the exchange of the money for substances.

■■ In response to the State's first argument, our court has recognized the legislature's awareness that ownership and title to property may not necessarily reside in the same person. (*People v. Dugan* (1984), 125 Ill. App. 3d 820, 830, 466 N.E.2d 687.) In section 505(a)(5) it is only the knowledge or consent of the "owner" which determines whether the particular property is subject to forfeiture. The word "title" does not appear in section 505(a)(5). We observe that both *Dugan* and *People ex rel. Barra v. Wiebler* (1984), 127 Ill. App. 3d 488, 468 N.E.2d 1007, involved the definition of "owner" in the context of the forfeiture of vehicles under the provisions of section 36—1 of the Criminal Code of 1961 (Code) (Ill. Rev. Stat. 1985, ch. 38, par. 36—1). Both cases, filed within two months of each other in different districts of the appellate court, considered the question of the ownership of the vehicles. In *Dugan* our court held that the evidence established that the defendant had "dominion and control" over the vehicle and was, therefore, the "owner" in spite of legal title being in another person. In *Barra* the court found that the trial court did not err when it held that defendant's father, a co-owner with the defendant of the vehicle, could bring an action under section 36—2 of the Code (Ill. Rev. Stat. 1983, ch. 38, par. 36—2) as joint tenant to prove that he, the father, should not be charged with another joint tenant's guilty knowledge.

(127 Ill. App. 3d 488, 491-92, 468 N.E.2d 1007.) And, therefore, the State could not succeed in its effort to impute knowledge to co-owners of vehicles, as such a contention would be inconsistent with the intent of the statute. *Barra* also held that the trial court had sufficient evidence to conclude that the defendant's father was a "true owner."

■■ "Owner" is not defined in section 505(a)(5) (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(5)) or in a companion statute, the Cannabis Control Act (Ill. Rev. Stat. 1985, ch. 56½, par. 712). However, a definition of "owner" is found in section 15—2 of the Criminal Code of 1961 relating to offenses against property. (Ill. Rev. Stat. 1985, ch. 38, par. 15—2.) Since both section 15—2 and the instant statute are penal in nature, in spite of their being found in separate chapters of the Illinois statutes, we believe they may be read in *pari materia* so as to assist us in ascertaining the legislative intent as to the meaning of "owner," which we find ambiguous in the context of section 505(a)(5). See *Scofield v. Board of Education* (1952), 411 Ill. 11, 20, 103 N.E.2d 640; *People v. Boreman* (1948), 401 Ill. 566, 571, 82 N.E.2d 459.

Section 15—2 provides:

> "As used in this Part C "owner" means a person, other than the offender, who has possession of or any other interest in the property involved, even though such interest or possession is unlawful, and without whose consent the offender has no authority to exert control over the property." (Ill. Rev. Stat. 1985, ch. 38, par. 15—2.)

We believe that the important clause of the definition is the legislative pronouncement that an owner is one "who has possession of or any other interest in the property involved." Under this definition the administrator of the estate of Raymond Kawa would have "any other interest in the property involved" since, at a minimum, he had title and the right to the possession of the assets of the estate of the decedent until payment of just debts and distribution of the balance of the estate. *Boghosian v. Mid-City National Bank* (1960), 25 Ill. App. 2d 455, 459-60, 167 N.E.2d 442.

■■ In the absence of a contrary statutory definition, words used in statutes are used in their common dictionary meaning or in their popularly understood meaning. (*Tuftee v. County of Kane* (1979), 76 Ill. App. 3d 128, 131, 394 N.E.2d 896.) The word "owner" may be used to describe one who has dominion or control over a thing, the title to which is in another. (Black's Law Dictionary 1259 (4th ed. 1951).) We do not believe it could be seriously argued that a dece-

dent's administrator was not entitled to have "dominion or control" over the contents of the decedent's safety deposit box. An "owner" has also been defined as "one that has the legal title or rightful title whether he is the possessor or not." (Webster's Third New International Dictionary 1612 (1981).) The administrator of a decedent's estate takes title as trustee for the payment of just claims and administration. *Furst v. Brady* (1941), 375 Ill. 425, 431-32, 31 N.E.2d 606.

■■ ■ The word "owner" is *nomen generalissimum*, and its meaning is to be gathered from the connection in which it is used and from the subject matter to which it is applied and, when used in a statute, the obvious nature and purpose of the statute may indicate its meaning. (*Woodward Governor Co. v. City of Loves Park* (1948), 335 Ill. App. 528, 82 N.E.2d 387.) Application of this maxim would lead to the conclusion that the word "owner" was intended by the legislature to mean the personal representative and the beneficiaries of decedent's estate in the context of the instant case. It was apparent that the legislature intended to permit proof that the owner of the property found in proximity to the forfeitable substance did not have knowledge or did not consent to the act or omission of the exchange of the money and the substance. If, as the State alleges, only the decedent qualified as the "owner" of the property, the exemption would be a nullity. Under the exemption only the "owner" can prove the lack of knowledge or consent. Obviously, a decedent could not make such proof. Further, since it is the lack of knowledge or consent of the "owner" that is essential to prove the exemption, if only the decedent was the "owner," then, in the instant case, the language creating the exemption would be surplusage. However, statutes are to be interpreted so as to give effect to all of their provisions (*People v. Wisslead* (1985), 108 Ill. 3d 389, 394, 484 N.E.2d 1081) and not so rigidly as to defeat legislative intent (*People v. Jordan* (1984), 103 Ill. 2d 192, 205, 469 N.E.2d 569).

■■ We conclude that the administrator of the estate of Raymond Kawa was the owner of the contents of the safety deposit box. It follows that as "owner" the administrator was qualified to prove that none of the money was subject to forfeiture, to the extent of his interest in the money as administrator, by reason of any act or omission which the administrator proves to have been committed or omitted without the administrator's knowledge or consent, to paraphrase the language of the exemption. Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(5).

■■ We conclude that the trial court correctly found the estate, or more correctly, the administrator of the estate, to be the "owner."

Nonetheless, the administrator's answer was not verified, nor did he provide an affidavit or affidavits wherein it was averred that neither the administrator nor the heirs, to the extent of their interest as owners, had knowledge nor did they consent to any act or omission involving an exchange of the money for a substance in violation of the Act. Since the administrator is vested with the naked legal title to the personal property of an intestate, the equitable interest vests in the heirs and the administrator holds the property in trust for the payment of debts. The residue belongs to the distributees. (*Moore v. Brandenburg* (1911), 248 Ill. 232, 236, 93 N.E. 733.) Ownership of the money, thus, has both legal and equitable characteristics. The statute anticipates that interests in property may exist in more than one person and, therefore, limits the exemption "to the extent of the interest" of each owner. (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(a)(5).) Thus, the affirmative defense of the exemption would require proof that not only the administrator but also the heirs, to the extent of their respective interests, neither had knowledge nor gave consent to an exchange of the money and forfeitable substances.

It appears that defendant chose to rely on the face of the pleading being attacked, here the State's complaint, to prove his affirmative defense. (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(9).) However, there is nothing in the State's complaint which proves the facts of the owner's lack of knowledge or consent as aforesaid. Consequently, we conclude that while the trial court correctly determined ownership of the money as a question of law, its determination that defendant had proved his affirmative defense, the exemption, was against the manifest weight of the evidence as there was no evidence before the court on the knowledge or consent issues. See *People v. LeShoure* (1986), 143 Ill. App. 3d 839, 844, 493 N.E.2d 687.

We conclude that our determination of the definition of "owner" resolves other arguments made by the parties in that regard, and we will not consider them further. Additionally, as to defendant's issue of the existence of another pending case, as a section 2—619 affirmative defense (Ill. Rev. Stat. 1985, ch. 110, par. 2—619(a)(3)), the record discloses that the other pending case, cause No. 85-MR 230, was dismissed without objection in open court. No contention is raised regarding the dismissal. As to another of defendant's issues, that criminal proceedings abate upon the death of the criminal defendant, we note that this is not a criminal proceeding against Raymond Kawa but, rather, is an *in rem* proceeding. *People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App. 3d 109, 112, 420 N.E.2d 770.

Defendant further complains that the money was not seized pur-

suant to process as required under section 505(b) (Ill. Rev. Stat. 1985, ch. 56½, par. 1505(b).) However, this issue was not ruled upon by the trial court and is, therefore, not before us in this appeal. Finally, defendant's issue concerning attorney fees pursuant to section 2—611 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—611) is moot by reason of our disposition.

The judgment of the circuit court of Lake County is reversed and the cause remanded for trial.

Reversed and remanded.

UNVERZAGT and NASH, JJ., concur.