THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. ONE 1980 MERCEDES AUTOMOBILE, VIN WDB12305312019892, Defendant-Appellee (Kathleen Chrisos Irpino, Intervenor-Appellee).

First District (3rd Division)   No. 86—0655

Opinion filed February 10, 1988.

McNAMARA, J., dissenting.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Steven J. Zick, and Richard F. Pollack, Assistant State's Attorneys, of counsel), for the People.

No brief filed for appellee.

JUSTICE FREEMAN delivered the opinion of the court:

The State appeals from an order of the circuit court entering judgment in favor of Kathleen Chrisos Irpino, the intervenor, and requiring the State to deliver to her a 1980 Mercedes-Benz automobile, VIN WDB12305312019892, seized on June 22, 1984. The State argues that the intervenor was a nominal titleholder and did not have a valid claim on the car. In the alternative, the State argues that forfeiture of the car should be upheld because the intervenor knew or should have known that the vehicle was being used for drug transactions. The intervenor has not filed a brief. However, that does not preclude our consideration of the merits of this appeal. *First Capitol Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 483.

On June 22, 1984, John Irpino was arrested after selling seven ounces of cocaine to Richard Mulder, an undercover police officer with the North Shore Metropolitan Enforcement Group (NSMEG). The 1980 Mercedes-Benz driven by Irpino at the time of his arrest was seized, and on August 2, 1984, the State filed a complaint for forfeiture of the vehicle charging that it had been used to facilitate a violation of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1983, ch. 56½, par. 1100 *et seq.*). The vehicle was ordered forfeited on March 1, 1985. On July 10, 1985, John Irpino filed an emergency motion seeking to enjoin the sheriff of Cook County from disposing of the car. His motion was granted; however, a default forfeiture order was subsequently entered. This order was vacated when Kathleen Irpino sought and was granted leave to intervene.

At the subsequent trial to determine who was entitled to the car, Mulder and three other members of NSMEG testified concerning the circumstances of Irpino's arrest. They stated that on two occasions in June 1984, Irpino drove the car to meetings where the sale of cocaine was discussed and that on the date of the sale Irpino was again driving the car. Mulder also testified that on all three occasions, Irpino told him that if Mulder would be using his car for drug transactions, he should place the vehicle's registration in another person's name so that it would not be seized if he was arrested. Mulder testified that Irpino told him that his car was in his wife's maiden name for that reason.

The intervenor testified that she and Irpino were married in 1968 and divorced in 1985, after his arrest. After the divorce, she moved to Hot Springs, Arkansas. The intervenor stated that she and Irpino separated several times during their marriage and that it was in March 1981, during a legal separation, that Irpino gave her the car as a birthday present, in an attempt to reconcile. Irpino paid $27,000 in cash for the car, and the intervenor stated she requested that the car be regis-

tered in her maiden name to avoid any problems in the event they were divorced. The intervenor testified that she eventually returned to Irpino and that both before and after the reconciliation, Irpino used the car without her knowledge or permission. She stated that she objected to Irpino's use of her car and that they argued about his using the car "all the time." The intervenor also testified that in 1981, Irpino was arrested and charged with possession of cocaine. He was convicted and sentenced to five years in prison. However, the sentence was commuted and Irpino was released from prison in 1983. At the time of his 1984 arrest, Irpino and the intervenor were again living together, but the intervenor denied any knowledge that Irpino was selling drugs.

The court found that in June 1984, Irpino was engaged in drug transactions in violation of State law, that he facilitated those transactions by using the 1980 Mercedes, and that such use was sufficient to bring the car within the forfeiture statute. The court also found that Irpino was the owner of the car as contemplated by the statute (Ill. Rev. Stat. 1983, ch. 38, par. 36—1) and that the intervenor was the titleholder. However, the court concluded that there was insufficient evidence that the intervenor had knowledge or consented to the use of the car for drug transactions. Judgment was, therefore, entered for the intervenor and this appeal followed.

■ Section 36—1 of the Criminal Code of 1961 provides that any vehicle used with the knowledge or consent of the owner in the commission of or in the attempt to commit an offense prohibited by certain sections of the Illinois Controlled Substances Act may be seized. (Ill. Rev. Stat. 1983, ch. 38, par. 36—1.) Section 36—2 of the Code provides that after seizure, the State may bring a forfeiture action in the circuit court of the county of seizure. (Ill. Rev. Stat. 1983, ch. 38, par. 36—2.) Section 36—2 further provides that in the forfeiture action, the State must show by a preponderance of evidence that the vehicle was used in the commission of an offense. If the State fails to meet this burden of proof, or if the owner or any person whose right, title, or interest is of record shows by a preponderance of evidence that he did not know and did not have reason to know that the vehicle was being used in the commission of an offense, the court shall order release of the vehicle.

In *People v. Dugan* (1985), 109 Ill. 2d 8, 485 N.E.2d 315, the Illinois Supreme Court held that forfeiture of a car used by a defendant charged with a violation of the Criminal Code was proper, even though the title to the car was held in the name of another person. There, the defendant went to a car dealer, test drove a car, and made a $500 cash deposit. He returned the next day, paid $5,000 in cash, and gave the

dealer an application for a license and registration in the name of Sandra Martinez. Martinez, who was unemployed and had earned only $10,000 in the preceding year, testified that she gave the defendant the money, that she did not have a bank account, and that the money came from cash she had saved and kept in her home. The supreme court upheld the lower court's findings that the defendant was the owner of the car. The supreme court noted that title and ownership of a car may coincide in the same person, but stated that that was not always the case. The court concluded that the evidence established that the registration of title in Martinez' name was a pretense and that the defendant was the actual owner of the car.

The State argues that a similar result is required in the present case. The State contends that the intervenor was either a nominal titleholder or she knew or should have known that the car was being used for drug transactions. The State further contends that the intervenor's testimony that the car was a gift, that title was taken in her name as a precaution against divorce, and that she was not aware that her husband was involved in drug sales was incredible and unworthy of belief. Finally, the State claims that Irpino's 1981 conviction for possession of a controlled substance, the fact that he paid $27,000 in cash for the car, and the fact that he did not work following an injury suffered on the job in 1982 were sufficient to establish that intervenor knew of Irpino's drug transactions.

It is well settled that the credibility of witnesses and the sufficiency of evidence are matters within the province of the trier of fact. (*People v. Ellis* (1978), 74 Ill. 2d 489, 384 N.E.2d 331.) The trial judge, who is in a superior position to weigh the evidence and judge credibility of witnesses, is entitled to draw reasonable inferences and reach conclusions to which the evidence lends itself. *People v. Cooper* (1977), 66 Ill. 2d 509, 363 N.E.2d 817.

Here, the trial court apparently accepted the intervenor's testimony. The court concluded that she had a valid interest in the car and was unaware of her husband's drug transactions. Although the State argues otherwise, we cannot say that this conclusion is against the manifest weight of the evidence, nor will we substitute our judgment as to the intervenor's credibility for that of the trial court.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

WHITE, P.J., concurs.

JUSTICE McNAMARA, dissenting:

I respectfully dissent. I agree with the State that intervenor's testimony that the car was a gift from her unemployed husband, that title was taken in her name as a precaution against divorce, and that she was unaware that her husband was involved in drug sales was completely incredible and unworthy of belief. In view of the facts that the husband had recently served two years in jail for a drug transaction and that while unemployed, he paid $27,000 in cash for the car in question, the State demonstrated in overwhelming fashion that intervenor was aware of the husband's drug transactions.

I would reverse the judgment of the trial court ordering the State to deliver the seized vehicle to the intervenor.