THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ONE 1990 CHEVROLET SUBURBAN, VIN 1GNER16K7LF1628, Defendant (Robert L. Kittleson, Claimant-Appellant).

Second District   No. 2—91—0717

Opinion filed July 1, 1992.

Thomas E. Orr, of Law Office of Thomas E. Orr, of Joliet, for appellant.

James E. Ryan, State's Attorney, of Wheaton, and Raymond L. Beck, of Chicago (William L. Browers, John X. Breslin, and Gary F. Gnidovec, all of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE DOYLE delivered the opinion of the court:

The State filed a complaint in the circuit court of Du Page County seeking forfeiture of a 1990 Chevrolet Suburban pursuant to section 505(a)(3) of the Illinois Controlled Substances Act (the Act) (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3)). The court granted claimant,

Robert Kittleson, leave to intervene. Based on a stipulation of facts, the court ordered the forfeiture of the vehicle, and claimant appeals. Claimant contends that: (1) the circuit court erred in failing to apply certain statutory presumptions; (2) the State failed to prove that claimant's wife used the vehicle to facilitate a violation of the Act so as to warrant the forfeiture; and (3) the court erred in finding that claimant had no legal or equitable interest in the vehicle.

The sole evidence before the court was contained in "Plaintiff's Factual Basis for Trial" and "Claimant's Factual Basis for Trial," to which the parties stipulated. These factual statements reveal that Larry Weiss, a special agent for the Du Page Metropolitan Enforcement Group (DuMEG), made controlled purchases of LSD on several occasions from claimant's wife, Diane Kittleson (Diane). Weiss arranged for the final such purchase on October 25, 1990. Through a number of telephone conversations between Weiss and Diane, they arranged for a sale to occur at a White Hen Pantry in Woodridge.

Weiss told Diane that he would be unable to make the purchase himself since he was recovering from surgery, but he would send his friend Dave to purchase 20 "hits" of LSD. "Dave" was Dave Pekosh, another DuMEG agent. Diane told Weiss she would be driving a new black Chevy Suburban.

Pekosh arrived at the White Hen Pantry and did indeed observe Diane sitting in a black Chevrolet Suburban. Diane got out of her car and sat in the front seat of Pekosh's car. In response to his inquiry, Diane told Pekosh that she and her husband recently received a large sum of money and had purchased two cars for which they paid cash. Diane said that she purchased the Suburban and her husband bought a pickup. Diane then gave Pekosh a small plastic bag containing 20 small perforated pieces of paper in exchange for $100.

The Du Page County crime lab tested the 20 pieces of paper and found them to contain 0.23 grams of LSD. Diane was later arrested and eventually convicted of selling the LSD.

In his petition for release of the vehicle, claimant alleged that he had an ownership interest in the Suburban. He purchased the auto with funds he received from a personal injury settlement. Diane's name appears on documents filled out at the dealership, and title was placed in her name. Claimant, however, is a named insured. Claimant contends that the car was not intended as a gift to his wife. Diane would testify that, although claimant was aware that she sold marijuana, he was not aware that she sold LSD.

Based on these facts, the court found that claimant had no ownership interest in the subject vehicle. Because Diane did not appear in

the proceedings, the court found her in default. The court ordered the forfeiture of the vehicle, and claimant filed a timely notice of appeal.

Initially, we consider the third issue claimant raises, whether he had an ownership interest in the forfeited vehicle. Based on the stipulated facts, the trial court determined that he did not. The Act provides:

> "[N]o conveyance is subject to forfeiture under this Section by reason of any act or omission which the owner proves to have been committed or omitted without his knowledge or consent." (Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(3)(ii).)

Thus, to avert forfeiture, claimant was required to prove that he was the owner of the car and that his wife used it for drug transactions without his knowledge or consent. The evidence fails to establish that claimant had an ownership interest in the automobile.

■ This court has previously held that the "owner" need not be the titleholder. (*People v. Dugan* (1984), 125 Ill. App. 3d 820, 830, *aff'd in part & rev'd in part on other grounds* (1985), 109 Ill. 2d 8.) An owner is one who has possession of or other interest in the property. *People ex rel. Foreman v. Estate of Kawa* (1987), 152 Ill. App. 3d 792, 798-99.

■ In the present case, it is undisputed that Diane had both title to and actual possession and control of the Suburban. Although claimant used money from his personal injury settlement to pay for the car, the evidence supports the inference that he intended to make a gift of the vehicle to his wife. Diane stated that she purchased the car, while her husband bought a truck for himself. Her name is listed on the papers filled out at the dealership. Claimant's only connection with the vehicle is that he is listed on an insurance policy for it. This does not demonstrate an ownership interest in the car.

The trial judge is entitled to draw reasonable inferences and reach conclusions to which the evidence lends itself, and the reviewing court will not substitute its judgment for that of the trial court unless such determination is against the manifest weight of the evidence. (*People v. One 1980 Mercedes Automobile, VIN WDB123053120198992* (1988), 166 Ill. App. 3d 467, 470.) In the present case, the parties stipulated to the facts, and the trial judge was entitled to draw reasonable inferences and conclusions from those facts. The conclusion that Diane was the sole owner of the Suburban was not against the manifest weight of the evidence.

Claimant further contends, however, that he had some form of equitable or marital interest in the Suburban. Other than citing *Dugan* for the principle that one other than the record titleholder

may be an owner, claimant does not cite any authority for his contentions that he had an equitable or marital interest in the vehicle. Thus, these contentions are waived. See 134 Ill. 2d R. 341(e)(7).

Even were we to consider these arguments, we would find them to be without merit. As the State points out, the term "marital property," as used in the Illinois Marriage and Dissolution of Marriage Act (Marriage Act), does not purport to affect property interests during the marriage. Its operation is not triggered until dissolution and does not prevent married persons from owning property separately. (*Kujawinski v. Kujawinski* (1978), 71 Ill. 2d 563, 573.) The Marriage Act recognizes the possibility of interspousal gifts. (Ill. Rev. Stat. 1989, ch. 40, par. 503; *In re Marriage of Severns* (1981), 93 Ill. App. 3d 122, 125; see also *In re Marriage of Hunter* (1992), 223 Ill. App. 3d 947, 951-52.) Thus, the mere fact of the marital relationship does not give claimant an interest in the vehicle.

Claimant also contends that Diane's transfer of title to claimant in November 1990, after her arrest, "evidenced" his ownership of the vehicle prior to that date. Such an interpretation, however, seems no more reasonable than the contrary argument that this transfer of title is evidence of the parties' knowledge that claimant did *not* have an interest in the vehicle prior to November 1990.

Because claimant has failed to establish an ownership interest in the forfeited vehicle, he has no standing to raise the other issues which he presents, and we need not consider them.

For the foregoing reasons, the judgment of the circuit court of Du Page County is affirmed.

Affirmed.

INGLIS, P.J., and DUNN, J., concur.